The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHANGPENG ZHAO, aka "CZ,"<br><br>Defendant. | NO. CR23-179 RAJ<br><br>**GOVERNMENT'S MOTION FOR REVIEW OF MAGISTRATE JUDGE'S RULING ON DEFENDANT'S PRESENTENCING TRAVEL RESTRICTIONS**<br><br>**Noting Date: December 4, 2023** |

The United States, by and through the undersigned attorneys, respectfully files this motion for review of the presentence bond conditions imposed on November 21, 2023, by Magistrate Judge Brian A. Tsuchida that would allow Defendant CHANGPENG ZHAO, aka "CZ" ("Zhao") to return to his home in the United Arab Emirates ("UAE") before his sentencing on February 23, 2024. After Magistrate Judge Tsuchida's ruling on this issue, the government gave notice that it would seek review of that decision based on the substantial risk of flight posed by Zhao. Accordingly, the government now respectfully files this motion for review of Magistrate Judge Tsuchida's decision by the Court and requests that the Court order that Zhao should not be permitted to return to the UAE before sentencing.

//

Government's Motion for Review of Ruling on Defendant's
Presentencing Travel Restrictions - 1
*United States v. Zhao*, CR23-179RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## I.   BACKGROUND

On November 21, 2023, Zhao, a citizen of the UAE and Canada, pled guilty to one count of willfully causing a money services business, that is, the global cryptocurrency exchange Binance.com, to fail to maintain an effective anti-money laundering program, in violation of 31 U.S.C. §§ 5318 and 5322. Zhao's sentencing is scheduled for February 23, 2024.

After Zhao pled guilty, Pretrial Services recommended that Zhao be detained pending sentencing. The government did not seek Zhao's detention but argued that—as a non-U.S. but UAE citizen with substantial wealth outside the United States, minimal ties to the United States, and a residence in a country without an extradition treaty with the United States—Zhao poses a serious risk of flight and requested that he be required to remain in the continental United States pending sentencing. Zhao argued that he should be allowed to return to his home in the UAE pursuant to an appearance bond of $175 million, secured by $15 million in cash held in trust and three responsible persons who pledged property or cash.

After considering these arguments, Magistrate Judge Tsuchida ruled that Zhao be allowed to return to his home in the UAE pending sentencing pursuant to an appearance bond secured with the collateral described above. *See* Dkt. 33. In addition to other standard release conditions, Magistrate Judge Tsuchida required that Zhao return to the United States fourteen days before sentencing, *i.e.*, by February 9, 2024. *Id.* Magistrate Judge Tsuchida ruled that Zhao should be permitted to return to the UAE pursuant to these conditions unless this Court determines it will review the decision before 5 p.m. Pacific Standard Time on Monday, November 27, 2023. *Id.*

## II.   ARGUMENT

There is no combination of conditions sufficient to protect against the risk of flight and ensure Zhao's return from the UAE for sentencing, and he cannot establish by clear

Government's Motion for Review of Ruling on Defendant's
Presentencing Travel Restrictions - 2
*United States v. Zhao*, CR23-179RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

and convincing evidence that he is not likely to flee if he is allowed to return to the UAE given his significant assets, his strong ties to the UAE, and the government's inability to extradite him from the UAE. Thus, Zhao should be required to remain the United States between his plea and sentencing.[1]

### A.   Legal Standard

Under 18 U.S.C. § 3145(a), the government may seek review of a release order by a magistrate judge. "A district court reviews the release order *de novo*." *United States v. Desmond*, 2023 WL 4052415, at *1 (W.D. Wash. June 16, 2023) (citing *United States v. Koenig*, 912 F.2d 1190, 1191–93 (9th Cir. 1990)). "[T]he district court is not required to start over in every case and proceed as if the magistrate's decision and findings did not exist." *Koenig*, 912 F.2d at 1192. Instead, the District Court "should review the evidence before the magistrate and make its own independent determination whether the magistrate's findings are correct, with no deference." *Id.* at 1193.

Once a defendant has been found guilty of an offense, the court must detain the defendant unless, as relevant here, it "finds by clear and convincing evidence that the person is not likely to flee." 18 U.S.C. § 3143(a)(1). If the Court determines that the defendant has met his burden and established by clear and convincing evidence that he is not likely to flee, the Court must evaluate whether a defendant's release on personal recognizance alone will not reasonably assure their appearance as required and, if not, the Court must order the defendant released subject to the least restrictive conditions or combination of conditions that "will reasonably assure the appearance of the person as required," including to abide by specified restrictions" on the defendant's travel. *Id.* § 3142(c)(1)(B)(iv). To reach this determination, the Court evaluate various factors, including (1) the nature and circumstances of the offense charged, (2) the weight of the evidence against the person, (3) and the history and characteristics of the person, including

---

[1] As the government indicated in court to Magistrate Judge Tsuchida on November 21, 2023, the government does not believe that Zhao poses a danger to the community.

Government's Motion for Review of Ruling on Defendant's
Presentencing Travel Restrictions - 3
*United States v. Zhao*, CR23-179RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct. 18 U.S.C. § 3142(g). The defendant has the burden to show by clear and convincing evidence that they will not flee. *See id.*; Fed. R. Crim. P. 46(c) (provisions of 18 U.S.C. § 3143 govern release pending sentencing and "[t]he burden of establishing that the defendant will not flee or pose a danger to any other person or the community rests with the defendant"); *see also United States v. Ruiz-Casas*, 2020 WL 4873757, at *1 (9th Cir. June 24, 2020) (denying motion for release pending sentencing because appellant did not show "by clear and convincing evidence . . . that he is not likely to pose a flight risk").

**B.     Argument**

Zhao has not established by clear and convincing evidence that he is not likely to flee if he returns to the UAE. Zhao's significant assets and strong ties to the UAE, as well as the government's inability to extradite him from the UAE, favor a ruling from this court that he be required to remain in the United States until his sentencing on February 23, 2024.

**1.     The Government Cannot Extradite Zhao from the UAE**

The United States has no extradition treaty with the UAE. If Zhao decided he would not return for his sentencing, the government would not be able to secure his return. The government is aware of no instance in which the UAE has extradited a citizen of the UAE to the United States, and this case likely would not be the first.

Zhao's significant assets and strong connections to the UAE allow him further ability to evade U.S. law if he chooses to not appear for sentencing. According to public reporting, Zhao is a multi-billionaire. The government believes that the vast majority of that wealth is held overseas and Zhao is believed to have hundreds of millions of dollars in accessible cryptocurrency. Zhao could live on that wealth in the UAE indefinitely.

Additionally, as Zhao explained during the plea hearing, he received his UAE citizenship through extraordinary circumstances, as one cannot apply for UAE citizenship;

Government's Motion for Review of Ruling on Defendant's
Presentencing Travel Restrictions - 4
*United States v. Zhao*, CR23-179RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

it must be offered by the UAE government. The fact that Zhao received UAE citizenship is itself an indication of his favored position within the UAE and fact that the UAE government would likely not accede to a request by the U.S. government to expel Zhao to the United States for sentencing should he choose not to return.

### 2. Zhao's Substantial Connections to the UAE Present Further Risk

Given Zhao's strong connections to the UAE, the government believes that there is a significant possibility that he would not return to the United States for sentencing. As Zhao explained during the hearing, he has three young children and a partner in the UAE; once in the UAE and faced with the prospect of traveling back to the United States to face up to 18 months in prison, he may elect to instead simply stay in the UAE with his family. While Zhao emphasized at his hearing the significance of his willingness to appear and plead guilty in an effort to put this matter behind him, there is a qualitative difference between appearing before the court to take responsibility for misconduct and appearing several months later to face punishment, including through a potential custodial sentence for that misconduct. Zhao emphasized the importance of his family in arguing for return to the UAE. The government has real reason to believe that Zhao would return home to his family and simply opt to stay rather than face the consequences for his conduct—and, as described above, in that case the government would have little recourse.

### 3. Zhao's Bail Package is Inadequate to Ensure His Return

While Zhao presented a significant bail package, that package is inadequate to ensure his return. Zhao is a multi-billionaire whose liberty is at stake and whose assets are primarily held overseas. The bail package is not only inadequate but also largely comprised of assets beyond the government's reach. Besides the $15 million in security custodied with Zhao's counsel and three guarantors promising just over $5 million in assets, the remainder of the $175 million bond is outside the jurisdiction of the U.S. legal system should Zhao choose to remain in the UAE. And the other components of the bail package

Government's Motion for Review of Ruling on Defendant's
Presentencing Travel Restrictions - 5
*United States v. Zhao*, CR23-179RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

provide little comfort when considering a multi-billionaire who could reasonably compensate those individuals for their losses rather than face prison time. Nor does the Court have any basis to conclude that the pledges of the third parties, however admirable, "provide sufficient moral suasion over Defendant to secure his appearance at future proceedings in this case." *United States v. Harry*, No. 19-cr-246-MCA-AME, 2021 WL 3076905 at *4 (D.N.J. July 21, 2021) (*citing United States v. Batista*, 163 F. Supp. 2d 222, 224 (S.D.N.Y. 2001)). Should Zhao choose not to face the full consequences of his conduct, he could easily stand to lose (including by compensating his guarantors) more than $20 million and live comfortably for the rest of his life in the UAE.

### III.  CONCLUSION

The government respectfully requests the Court require Zhao to remain in the continental United States in the period between his plea and sentencing.

Government's Motion for Review of Ruling on Defendant's
Presentencing Travel Restrictions - 6
*United States v. Zhao*, CR23-179RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

DATED this 22nd day of November, 2023.

MARGARET A. MOESER
Acting Chief
Money Laundering and Asset Recovery
Section, Criminal Division
U.S. Department of Justice

/s/ *Kevin G. Mosley*_____
Kevin G. Mosley
Elizabeth R. Carr
Trial Attorneys

JENNIFER KENNEDY GELLIE
Acting Chief
Counterintelligence and Export Control
Section, National Security Division
U.S. Department of Justice

/s/ *Beau D. Barnes*_____
Beau D. Barnes
Alex Wharton
Trial Attorneys

TESSA M. GORMAN
Acting United States Attorney
Western District of Washington
U.S. Department of Justice

/s/ Michael Dion_____
Michael Dion
Assistant United States Attorney

Government's Motion for Review of Ruling on Defendant's
Presentencing Travel Restrictions - 7
*United States v. Zhao*, CR23-179RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970