THE HONORABLE RICHARD A. JONES
THE HONORABLE BRIAN A. TSUCHIDA

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CHANGPENG ZHAO,<br><br>Defendant. | No. CR23-179<br><br>MOTION TO SEAL UNREDACTED VERSION OF DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION FOR REVIEW OF THE MAGISTRATE JUDGE'S RULING ON DEFENDANT'S PRESENTENCING TRAVEL RESTRICTIONS<br><br>NOTE ON MOTION CALENDAR: November 23, 2023 |

Defendant Changpeng Zhao moves to file the unredacted version of his Opposition (the "Opposition") to the government's Motion for Review of the Magistrate Judge's Ruling on Defendant's Presentencing Travel Restrictions, ECF 34, under seal and file the Opposition publicly with redactions because the Opposition contains highly confidential and sensitive information.  The Court has previously issued a sealing order, ECF No. 27, granting leave for Mr. Zhao to file under seal confidential and sensitive information of the same nature.

"It is well-settled that federal courts have inherent authority to control papers filed with the court."  *United States v. Mezquita Vega*, 2023 WL 7129770, at *1 (W.D. Wash. Oct. 30, 2023) (citing *United States v. Shryock*, 342 F.3d 948, 983 (9th Cir. 2003)); *see also United States v. Mann*, 829 F.2d 849, 853 (9th Cir. 1987) ("The district court has the inherent power to seal

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

affidavits filed with the court in appropriate circumstances.").[1]  When deciding to seal court filings, courts "must consider the two qualified rights of access to judicial proceedings and records recognized by the Ninth Circuit – the First Amendment right of access to criminal proceedings and documents there in, and the common law right to inspect and copy public records and documents, including judicial records and documents." *United States v. Collins*, 2020 WL 6874873, at *1 (W.D. Wash. Nov. 23, 2020) (citing *United States v. Doe*, 870 F.3d 991, 996-97 (9th Cir. 2017)).

The First Amendment and common law rights to access court filings and proceedings create a "strong presumption" in favor of openness and access.  *Doe*, 870 F.3d at 998 (describing First Amendment right of access); *Foltz v. State Farm Mutual Auto. Insurance Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (describing common law right of access).  Parties in a criminal proceeding can rebut the presumption under the First Amendment by showing "'(1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest.'"  *Doe*, 870 F.3d at 998 (citing *Oregonian Pub. Co. v. U.S. Dist. Court for Dist. of Oregon*, 920 F.2d 1462,1466 (9th Cir. 1990)).  Similarly, under the common law right of access "[a] party seeking to seal a judicial record . . . bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz*, 331 F.3d at 1135).  Any court ruling must be supported by specific factual findings.  *Doe*, 870 F.3d at 998.  Because the First Amendment right to access is stronger than the common law right, a party seeking to seal a filing or proceeding need only meet the former standard.  *See United States v. Bus. of Custer Battlefield Museum & Store Located at Interstate 90, Exit 514, S. of Billings, Mont.*, 658 F.3d 1188, 1197 n.7 (9th Cir. 2011).  When a district court seals documents or proceedings, "it must be no greater than necessary to protect the interest justifying it," and sealed documents "must be released when the danger of prejudice has passed." *United States v. Brooklier*, 685 F.2d 1162, 1172 (9th Cir. 1982).

---

[1]  The Ninth Circuit also "allows the presumptive sealing of documents attached to a motion to seal while district courts consider whether the documents should be made public." *United States v. Doe*, 870 F.3d 991, 1002 (9th Cir. 2017).

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1    Accordingly, Defendant Changpeng Zhao moves for leave to file the unredacted version of

2  his Opposition under seal and publicly file the Opposition with redactions.

3    Dated this 23rd day of November, 2023.

4

5                                    By *s/ Mark N. Bartlett*
                                     Mark N. Bartlett, WSBA No. 15672
6                                    Davis Wright Tremaine LLP
                                     920 Fifth Avenue, Suite 3300
7                                    Seattle, WA  98104-1610
                                     Telephone: 206.622.3150
8                                    Facsimile: 206.757.7700
                                     Email: markbartlett@dwt.com
9
                                     Attorney for Defendant Changpeng Zhao
10

11

12

13

14

15

16

17

18

19

20

21

22

23

MOTION TO SEAL
(CR23-179) - 3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

## CERTIFICATE OF SERVICE

I, Mark Bartlett, hereby certify that on November 23, 2023, I electronically filed the foregoing with the Clerk of Court by email.

*/s/ Mark N. Bartlett*
Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
Telephone: 206.622.3150
Facsimile: 206.757.7700
Email: markbartlett@dwt.com

MOTION TO SEAL
(CR23-179) - 4