THE HONORABLE RICHARD A. JONES
THE HONORABLE BRIAN A. TSUCHIDA

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. CR 23-179 (RAJ)(BAT) |
| v. | DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION FOR REVIEW OF MAGISTRATE JUDGE'S RULING ON DEFENDANT'S PRESENTENCING TRAVEL RESTRICTIONS |
| CHANGPENG ZHAO, | |
| Defendant. | |

## **INTRODUCTION**

Mr. Changpeng Zhao is the founder and former chief executive officer of Binance Holdings Limited ("Binance" or the "Company") and in 2017 launched Binance.com, the world's largest cryptocurrency exchange by volume. Mr. Zhao voluntarily flew into the United States to appear before this Court on November 21, 2023, accepted responsibility, and pleaded guilty to a single count Information charging him with failing to maintain an effective anti-money laundering program. His Company also pleaded guilty to related offenses. Mr. Zhao and Binance also concurrently entered into resolutions with the Commodity Futures Trading Commission ("CFTC"), the Financial Crimes Enforcement Network ("FinCEN"), and the Office of Foreign

DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION
SEEKING LEAVE TO APPEAL CONDITION OF RELEASE
(*United States v. Changpeng Zhao*, CR23-179-RAJ)

1

Davis Wright Tremaine, LLP
920 Fifth Avenue, Ste. 3300, Seattle, Washington 98104
(206) 757-8298

Assets Control ("OFAC") (together, the "Civil Agencies") in three related government investigations.

After hearing in open court from both parties—including from Mr. Zhao—Judge Tsuchida fashioned a balanced bail package that permitted Mr. Zhao to return home to the United Arab Emirates ("UAE") and be with his partner and three young children pending sentencing ("Release Order" or "Order"). Judge Tsuchida's Order also considered Mr. Zhao's Motion for Conditional Release Pending Sentence ("Bail Motion," ECF No. 21), the Pretrial report, and the Pretrial Officer's live responses.

In seeking review of the Release Order, the government repeats exactly the same facts and arguments already considered and rejected by Judge Tsuchida during a lengthy and thorough bail hearing. The government concedes Mr. Zhao is not a danger to the community, ECF No. 34 at 3 n.1 ("the government does not believe that Zhao poses a danger to the community"), and agrees bail is appropriate, *id.* at 2 ("[t]he government did not seek Zhao's detention"). The *only* question is whether Mr. Zhao should be allowed to return to his family in the UAE pending sentencing. As Judge Tsuchida concluded based on a complete record, Mr. Zhao presents no risk of flight, having voluntarily come before the Court to accept responsibility and plead guilty, and the government's motion should be denied.

## BACKGROUND

The Multi-Agency Resolution.  On November 14, 2023, the government filed a single count Information charging Mr. Zhao with failing to maintain an effective anti-money laundering program, in violation of 31 U.S.C. §§ 5318(h), 5322(b), 5322(c), and 5322(e).  The government also filed a parallel Information against Binance for failing to comply with provisions of the Bank Secrecy Act and U.S. sanctions law.

On November 21, 2023, both Mr. Zhao and the Company pleaded guilty pursuant to written plea agreements.  ECF No. 32; *United States v. Binance Holdings Limited*, No. 23-cr-178 (W.D. Wash. Nov. 21, 2023), ECF No. 24 (Report and Recommendation Concerning Plea of Guilty).

DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION
SEEKING LEAVE TO APPEAL CONDITION OF RELEASE
(*United States v. Changpeng Zhao*, CR23-179-RAJ)

2

Davis Wright Tremaine, LLP
920 Fifth Avenue, Ste. 3300, Seattle, Washington 98104
(206) 757-8298

At the same time, Mr. Zhao and Binance settled with the Civil Agencies.  As part of this multi-agency resolution with the Department of Justice and the Civil Agencies, the Company and Mr. Zhao will pay a historic sum of more than $4.3 billion, with Mr. Zhao paying a personal penalty of $150 million to the CFTC.[1]  *Binance*, No. 23-cr-178, ECF No. 23, at 13-14.  The global resolution also commits the Company to fulfill significant remediation and compliance obligations, including the imposition of a monitor that will be in place for several years.[2]  Further, Mr. Zhao has stepped down as CEO of Binance, the global company into which he has poured his heart and soul since founding it in 2017.  *See Binance*, No. 23-cr-178, ECF No. 23, at 9.  Under his plea agreement, the applicable Sentencing Guidelines range is between 10 and 18 months.  *See* ECF No. 31, at 12-13.  As noted to Judge Tsuchida by counsel during the November 21, 2023 hearing, Mr. Zhao intends to request that the Court impose a sentence below the Guidelines range.  Decl. ¶ 6(b).[3]

The Bail Motion.  Before the November 21, 2023 hearing, Mr. Zhao submitted the Bail Motion seeking the Court's approval of the proposed bail package and order for his release to the UAE.  The Bail Motion shows that Mr. Zhao presents no flight risk because, among other reasons: (i) he and his Company have taken full responsibility for their past actions through their pleas and the global resolution, and he would not have traveled to the United States to self-surrender and plead guilty unless he also intended to appear for sentencing, Bail Motion, at 4; (ii) he has no criminal history and is a prominent public figure around the world, *id.* at 6-7; and (iii) neither his

---

[1] *See* Press Release, *Binance and Its CEO, Changpeng Zhao, Agree to Pay $2.85 Billion for Willfully Evading U.S. Law, Illegally Operating a Digital Asset Derivatives Exchange, and Other Violations* (Nov. 21, 2023), available at https://www.cftc.gov/PressRoom/PressReleases/8825-23.

[2] *See* Press Release, *U.S. Treasury Announces Largest Settlements in History with World's Largest Virtual Currency Exchange Binance for Violations of U.S. Anti-Money Laundering and Sanctions Laws* (Nov. 21, 2023), available at https://home.treasury.gov/news/press-releases/jy1925 ("FinCEN's historic $3.4 billion settlement is the largest penalty in U.S. Treasury and FinCEN history" and "imposes a five-year monitorship [that] requires significant compliance undertakings," "[f]ailure to live up to [which] could expose Binance to substantial additional penalties, including a $150 million suspended penalty").

[3] All citations to "Decl." are to the Declaration of Savannah Burgoyne in Support of Defendant's Opposition to Government's Motion for Review the Magistrate Judge's Ruling on Defendant's Presentencing Travel Restrictions, filed contemporaneously herein.

DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION
SEEKING LEAVE TO APPEAL CONDITION OF RELEASE
(*United States v. Changpeng Zhao*, CR23-179-RAJ)

3

Davis Wright Tremaine, LLP
920 Fifth Avenue, Ste. 3300, Seattle, Washington 98104
(206) 757-8298

residence and citizenship in the UAE, nor the wealth that his business success has generated, make him a flight risk, *id.* at 7.  The government submitted no response to this motion.

During the November 21, 2023 hearing, Mr. Zhao's own words made clear that he had taken responsibility for his actions, accepted the consequences, and sought to turn the page:

> Your Honor, I just want to say one thing.  I want to close the issue.  So I want to take responsibility and close this chapter in my life.  So, it is a very simple mindset for me.  I've not caused problems before, I've never been a criminal, I've not been into a courthouse before.  So all this is new to me.  To be very frank, before I came, I was a little bit scared.  In most countries, when you go to the country, you know, you don't know what's going to happen.  So I was very impressed in this court hearing having Your Honor explain every little detail to me, all of that is very reassuring actually.  So before I come here, I did not know that.
>
> So and also with the issue on UAE – I was given, I was offered a citizenship, I took it as an honor.  I do not want to leverage that to say 'hey, protect me.'  I don't want to use that.  I don't want to use favors in that way.  So I want to address issues myself.
>
> So I have full intention to come back here and close this issue, otherwise I wouldn't be here today.  So the issue was there, we got to an agreement, and I will close the issue now.  Thank you.  I will return.

Decl. ¶ 6(e).

At the hearing, the government did not seek detention:  it agreed that Mr. Zhao poses no danger to the community and he is not a flight risk if he remains in the United States.  Decl. ¶ 6(f) (Judge Tsuchida noting that there was "no disagreement among the parties, the defense and the prosecution, that release is appropriate in the case").[4]  Indeed, the government sought no travel restrictions on Mr. Zhao within the forty-eight contiguous United States.  Decl. ¶ 6(a).  The only question was whether Mr. Zhao should be allowed to return to his family in the UAE pending sentencing.  *Id.*

---

[4] The government's suggestion that "[a]fter Zhao pled guilty, Pretrial Services recommended that Zhao be detained pending sentencing" is misleading.  ECF No. 34, at 2.  Pretrial Services never recommended detention.  The Pretrial Report checked detention only because that is ordinarily the only option for a person who resides outside the country.  Pretrial never suggested or advocated for detention, and it also noted that the government did not seek detention.

DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION
SEEKING LEAVE TO APPEAL CONDITION OF RELEASE
(*United States v. Changpeng Zhao*, CR23-179-RAJ)

4

Davis Wright Tremaine, LLP
920 Fifth Avenue, Ste. 3300, Seattle, Washington 98104
(206) 757-8298



DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION
SEEKING LEAVE TO APPEAL CONDITION OF RELEASE
(*United States v. Changpeng Zhao*, CR23-179-RAJ)

5

Davis Wright Tremaine, LLP
920 Fifth Avenue, Ste. 3300, Seattle, Washington 98104
(206) 757-8298

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

<u>The Release Order</u>.  Based on all the relevant facts, including Mr. Zhao's voluntary self-surrender, his intent to resolve this case, and the sizable bail package he proposed, Judge Tsuchida found that Mr. Zhao presents no risk of flight, even while residing in the UAE.  Decl. ¶ 6(f).  Judge Tsuchida found that Mr. Zhao's actions in coming to the United States voluntarily to resolve this matter "speak louder than the worries in the sense that you had no obligation to come to the country and you did.  And as you said your intent is you would like to resolve this case, not run."  *Id.*

Judge Tsuchida also found it significant that Mr. Zhao would be prepared to return to the United States two weeks before sentencing, before knowing what sentence the government will recommend to the Court.  *Id.*  The government states in its motion that Mr. Zhao may "face up to 18 months in prison."  ECF No. 34, at 5.  Mr. Zhao strongly believes that a lesser sentence is appropriate, and he looks forward to presenting relevant information to the Court at the appropriate time.  But the upper bound noted by the government is set forth in his plea agreement, and he nonetheless came here voluntarily to enter his plea and take responsibility.  *See* ECF No. 32.  As Judge Tsuchida noted, even defendants facing much lengthier sentences return for sentencing.  Decl. ¶ 6(f).  And as demonstrated by the acceptance of responsibility by Mr. Zhao and his Company, including pleading guilty and agreeing to pay collectively billions of dollars to multiple U.S. government agencies, his intent is to resolve this case and it would be illogical to take all of these material steps without the intent to appear for sentencing.

Judge Tsuchida agreed and ordered Mr. Zhao released and permitted to return home to the UAE based on a material and thoughtful set of bail conditions.  *See* Decl. ¶ 6(f).  Under the Order, the bail conditions require that Mr. Zhao post a $175 million personal recognizance bond, secured by two guarantors with cash pledges of $100,000 and $250,000, respectively, and a third guarantor with real property located in Los Angeles, California valued at more than $5 million.  ECF No. 33 (Appearance Bond).  (The third guarantor was present at the bail hearing and completed the paperwork obligating them to forfeit the real property should Mr. Zhao fail to comply with his conditions of release.)  Moreover, Mr. Zhao has already wired an additional $15 million to the

DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION
SEEKING LEAVE TO APPEAL CONDITION OF RELEASE
(*United States v. Changpeng Zhao*, CR23-179-RAJ)

6

Davis Wright Tremaine, LLP
920 Fifth Avenue, Ste. 3300, Seattle, Washington 98104
(206) 757-8298

United States that is held in the trust account of his Seattle-based attorney.  *See* ECF No. 34, at 5 ("$15 million in security custodied with [Mr.] Zhao's counsel").

Judge Tsuchida gave the government until November 27, 2023 at 5:00 p.m. to seek review of the Release Order and directed that his Order shall go into effect at that time if this Court either denies or declines to act on a request for review.  Decl. ¶ 6(g).  Notably, Mr. Zhao had no objection to staying in the United States to allow the government to seek review of the bail ruling.  This motion followed.  ECF No. 34.

## ARGUMENT

As Judge Tsuchida found, all the facts and circumstances amply demonstrate that Mr. Zhao poses no risk of flight and should be permitted to reside at home with his family in the UAE pending sentencing.  The government's motion should be denied.

### A.    Legal Standard

Under 18 U.S.C. § 3143(a)(1), the Court must release a defendant awaiting sentencing if it finds by clear and convincing evidence that the defendant is neither a flight risk nor a danger to the community.  When determining whether a defendant poses a flight or safety risk, courts may consider the nature and circumstances of the offense charged, the weight of the evidence against defendant,[6] defendant's history and characteristics, and the risk of danger that defendant would pose to the community if released.  18 U.S.C. § 3142(g).

Under 18 U.S.C. § 3145(a)(1), "the Government may file . . . a motion for revocation . . . or amendment of the conditions" of a release order.  In deciding such a motion, a district court reviews the release order *de novo*, using the "same standard and factors" as the magistrate.  *See, e.g.*, *United States v. Brugnoli-Baskin*, 2022 WL 16636429, at *2 (W.D. Wash. Nov. 6, 2022).  As the government itself notes, ECF No. 34, at 3, "the district court is not required to start over in every case and proceed as if the magistrate's decision and findings did not exist," *United States v. Koenig*, 912 F.2d 1190, 1192 (9th Cir. 1990). Instead, the Court "should review the evidence

---

[6] This factor is not relevant because Mr. Zhao has agreed to plead guilty to the charged offense.

DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION
SEEKING LEAVE TO APPEAL CONDITION OF RELEASE
(*United States v. Changpeng Zhao*, CR23-179-RAJ)

7

Davis Wright Tremaine, LLP
920 Fifth Avenue, Ste. 3300, Seattle, Washington 98104
(206) 757-8298

before the magistrate and make its own independent determination whether the magistrate's findings are correct." *Id.* at 1193.

## B.   Judge Tsuchida Correctly Found That Mr. Zhao Is Not a Flight Risk

Here, Judge Tsuchida was correct and his ruling fully supported by the record. As previously argued, Mr. Zhao is not a flight risk:  (1) his actions reflect his intent to accept full responsibility for his conduct and submit to the judgment of the Court; (2) he is a public figure, has no criminal history, and has pleaded guilty to a non-violent, non-fraud offense; (3) his citizenship in the UAE does not equate to a risk of flight; and (4) the applicable Guidelines range does not incentivize flight.  *See* Bail Motion at 4-9.[7]  Judge Tsuchida agreed.  Decl. ¶ 6(f).  And the careful and robust bail conditions ordered by Judge Tsuchida provide ample assurance that Mr. Zhao will return as required.

*First*, Mr. Zhao chose of his own free will to travel from his home in the UAE to voluntarily appear before this Court and accept responsibility for his actions.  Mr. Zhao also instructed his Company to plead guilty.  At the same time, Mr. Zhao and the Company entered into a global resolution with other U.S. government agencies requiring them to pay massive fines and undertake substantial compliance commitments.  There would be no criminal or civil resolution in this matter but for Mr. Zhao's decision to so resolve and his voluntary choice to travel to Seattle to plead guilty.

*Second*, Mr. Zhao's status in the public eye, lack of any prior criminal record, and relevant offense do not support the government's suggestion that will abscond.  The opposite is true. Binance.com is the largest cryptocurrency platform by volume of trades in the world and Mr. Zhao is its recognizable founder.  That global spotlight makes evasion of the U.S. justice system impossible.  He has pleaded guilty to a crime which—though serious, as Mr. Zhao has acknowledged—has nothing to do with violence or fraud; there are no victims and there will be no restitution.

---

[7] Mr. Zhao discusses each reason at length in his original Bail Motion and incorporates that discussion herein by reference.

DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION
SEEKING LEAVE TO APPEAL CONDITION OF RELEASE
(*United States v. Changpeng Zhao*, CR23-179-RAJ)

8

Davis Wright Tremaine, LLP
920 Fifth Avenue, Ste. 3300, Seattle, Washington 98104
(206) 757-8298

*Third*, the fact that Mr. Zhao's home and his family are in the UAE does not make him a flight risk and preventing him from returning to them would be punitive. His family has recently grown, as he and his partner welcomed their third child a few months ago. Allowing Mr. Zhao to remain in the UAE will, in turn, allow him to take care of his family and prepare them for his return to the U.S. for sentencing.

*Fourth*, Mr. Zhao's stipulated Guidelines range provides no incentive to flee. Again, the opposite is true: Mr. Zhao's Guidelines range may be either 10 to 16 months' or 12 to 18 months' imprisonment. In addition, Mr. Zhao's Guidelines, as agreed to by both parties, fall within Zone C; thus, he may be eligible to serve half of any term of imprisonment in a non-jail setting, such as home detention or community confinement. Counsel will argue at sentencing that precedent in similar offenses and recently enacted Guideline amendments support a below-Guidelines sentence, including the possibility of no jail time. To flee would be to risk additional charges, a likely much greater potential Guidelines range, and a host of other grave consequences to Mr. Zhao and Binance. To return, however, would be to potentially serve a brief or possibly no prison term and then return to his family with this matter behind him.

*Fifth*, the bail conditions Judge Tsuchida entered are substantial. Mr. Zhao has transferred a large sum to the United States already and agreed to post a personal recognizance bond of $175 million. His return will also be secured by two guarantors with cash pledges of $100,000 and $250,000, respectively, and a third guarantor who has pledged real property in the United States valued at more than $5 million. He has further committed to coming to the United States two weeks before sentencing. Each condition provides assurance, both individually and in combination, that Mr. Zhao is not a flight risk and will abide by the conditions of his release.

DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION
SEEKING LEAVE TO APPEAL CONDITION OF RELEASE
(*United States v. Changpeng Zhao*, CR23-179-RAJ)

9

Davis Wright Tremaine, LLP
920 Fifth Avenue, Ste. 3300, Seattle, Washington 98104
(206) 757-8298

**C.      The Government Provides No Basis to Disturb Judge Tsuchida's Release Order**

Against the weight of all this information and Judge Tsuchida consideration of it, the government provides no meritorious—or additional—basis to insist that Mr. Zhao remain in the United States away from his family for months between his plea and sentencing.

*First*, the government's suggestion that, because Mr. Zhao is a wealthy individual living abroad, he might breach the trust of his family and friends who guaranteed his bail (and his sworn statements to this Court) by refusing to appear for sentencing should be rejected out of hand.  It is well-established that foreign citizenship does not equate to flight risk and cannot be held against a defendant in assessing such a risk.  *See* Bail Mot. at 7 (citing *United States v. Cortes*, No. 23-cr-00025-tl-5, 2023 WL 3018923, at *3 (W.D. Wash. Apr. 20, 2023) ("But relying on [defendant's Mexican citizenship] alone would justify detention merely on the basis of citizenship, which this Court cannot condone.  The Ninth Circuit has held that the fact that a defendant may be from a different country 'does not tip the balance either for or against detention' or point conclusively to a determination that a defendant poses a serious risk of flight.") (quoting *United States v. Motamedi*, 767 F.2d 1403, 1408 (9th Cir. 1985)).  Moreover, as explained before Judge Tsuchida, Mr. Zhao took his UAE citizenship "as an honor" and has no intention to leverage that or his relationship with the UAE government for "favors."  Decl. ¶ 6(e).  Mr. Zhao is grateful that the UAE provides a welcoming home for his family and a supportive environment for his business and the industry of which it is a key part.  *Id.* ¶¶ 6(a), (b).  That does not make him a flight risk when he is there, as evidenced by his decision to come here from the UAE to plead guilty in the first place.

*Second*, the government's argument that the lack of an extradition treaty between the United States and the UAE justifies preventing Mr. Zhao from returning to his family is at odds with the position it has taken in many other bail cases in which a foreign defendant was permitted to travel to countries from which they could not be extradited.  ECF No. 34, at 4; *see* Bail Mot., at 8 (collecting cases).  It further takes no account of the fact that Mr. Zhao voluntarily chose to leave the UAE and come to the United States to plead guilty.

DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION
SEEKING LEAVE TO APPEAL CONDITION OF RELEASE
(*United States v. Changpeng Zhao*, CR23-179-RAJ)

10

Davis Wright Tremaine, LLP
920 Fifth Avenue, Ste. 3300, Seattle, Washington 98104
(206) 757-8298

*Third,* the government's argument about the supposed inadequacy of Mr. Zhao's bail package boils down to the point that he is "a multi-billionaire . . . whose assets are primarily held overseas." ECF No. 34, at 5. The government simply brushes aside the significant commitment by Mr. Zhao of $15 million he has already transferred to his counsel in the United States and the more than $5 million in additional assets pledged by his family and friends. *See* ECF No. 34, at 5 ("$15 million in security custodied with [Mr.] Zhao's counsel and three guarantors promising just over $5 million in assets"). It also fails to recognize the historic penalties of more than $4.3 billion that Mr. Zhao and his Company have already committed to pay to the United States, including substantial sums to be paid to before his sentencing.[8] *Binance,* No. 23-cr-178, ECF No. 23, at 13-14.

The two cases the government cites—both out of circuit—do not support its position. In *United States v. Harry,* the defendant pleaded not guilty to an "international Medicare fraud, kickback and money laundering scheme," and the court denied the defendant's associate's property to secure defendant's release where the associate "lack[ed] sufficient credibility to be a suretor." No. CR 19-246-MCA-AME, 2021 WL 3076905, at *3 (D.N.J. July 21, 2021). Here, Mr. Zhao came to the United States and has pleaded guilty, and the government does not challenge the credibility of Mr. Zhao's guarantors—one of whom signed the relevant paperwork before the Court. And *United States v. Batista* supports the Release Order, because there the court approved a guarantor to secure the defendant's bond after finding him "financially responsible." 163 F. Supp. 2d 222, 226 (S.D.N.Y. 2001). Thus, contrary to the government's assertion, ECF No. 34, at 5-6, pledges of substantial value and property by Mr. Zhao's family and friends—on top of an already significant bail package from Mr. Zhao and his Company—provide ample assurance of his return.

As Judge Tsuchida recognized, "everybody who appears in this Court has always presented a risk of flight," but the fact that Mr. Zhao voluntarily flew from the UAE to the United States

---

[8] *See also* ECF No. 31, at 3 (Mr. Zhao's plea agreement stipulates that the government would "credit" Mr. Zhao's 50 million fine "so long as [Mr. Zhao] pays the amount . . . to the CFTC by the date of [Mr. Zhao's] sentencing").

DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION
SEEKING LEAVE TO APPEAL CONDITION OF RELEASE
(*United States v. Changpeng Zhao*, CR23-179-RAJ)

11

Davis Wright Tremaine, LLP
920 Fifth Avenue, Ste. 3300, Seattle, Washington 98104
(206) 757-8298

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

when he "had no obligation" to do so, in addition to all of the other factors discussed above, sets him apart.  Decl. ¶ 6(f).  As Judge Tsuchida observed: Mr. Zhao's "actions . . . speak louder than the worries."  *Id.*  The government fails to acknowledge Judge Tsuchida's careful consideration of both parties' arguments and his assessment of Mr. Zhao in his courtroom.  The government has presented no new information or argument that was not already carefully considered, and there is no basis to disturb Judge Tsuchida's order.

## <u>CONCLUSION</u>

For these reasons, Mr. Zhao respectfully requests that the Court deny the government's motion and allow him to return to the UAE pending sentencing.

DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION
SEEKING LEAVE TO APPEAL CONDITION OF RELEASE
(*United States v. Changpeng Zhao*, CR23-179-RAJ)

12

Davis Wright Tremaine, LLP
920 Fifth Ave, Ste. 3300, Seattle, Washington 98104
(206) 757-8298

I certify that this memorandum contains 4,228 words, in compliance with the Local Criminal Rules.

Dated: November 23, 2023

By /s/ Mark Bartlett
   Mark Bartlett
   DAVIS WRIGHT TREMAINE LLP
   920 Fifth Avenue
   Suite 3300
   Seattle, WA 98104
   Tel: (206) 757-8298
   markbartlett@dwt.com

/s/ William Burck
William Burck (*pro hac vice*)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
1300 I Street NW
Suite 900
Washington, D.C. 20005
Tel: (202) 538-8000
Fax: (202) 538-8100
williamburck@quinnemanuel.com

/s/ Benjamin Naftalis
Benjamin Naftalis (*pro hac vice*)
Douglas K. Yatter (*pro hac vice*)
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
Tel: (212) 906-1200
Fax: (212) 751-4864
benjamin.naftalis@lw.com
douglas.yatter@lw.com

/s/ Eric Volkman
Eric Volkman (*pro hac vice*)
Savannah Burgoyne (*pro hac vice*)
LATHAM & WATKINS LLP
555 Eleventh Street, NW
Suite 1000
Washington, D.C., 20004
Tel: (202) 637-2200
eric.volkman@lw.com
savannah.burgoyne@lw.com

*Attorneys for Changpeng Zhao*

DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION
SEEKING LEAVE TO APPEAL CONDITION OF RELEASE
(*United States v. Changpeng Zhao*, CR23-179-RAJ)

13

Davis Wright Tremaine, LLP
920 Fifth Avenue, Ste. 3300, Seattle, Washington 98104
(206) 757-8298

CERTIFICATE OF SERVICE

1

2    I, Mark Bartlett, certify that on November 23, 2023, I electronically filed the foregoing

3    with the Clerk of the Court using the CM/ECF system, which will notify such filing to all

4    participants in this case.

5                                                    /s/ Mark Bartlett
                                                     _____
6                                                    Mark Bartlett
                                                     Davis Wright Tremaine LLP
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION
SEEKING LEAVE TO APPEAL CONDITION OF RELEASE
(*United States v. Changpeng Zhao*, CR23-179-RAJ)

14

Davis Wright Tremaine, LLP
920 Fifth Avenue, Ste. 3300, Seattle, Washington 98104
(206) 757-8298