THE HONORABLE RICHARD A. JONES
THE HONORABLE BRIAN A. TSUCHIDA

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA

v.

CHANGPENG ZHAO,

Defendant.

CASE NO. CR 23-179 (RAJ)

DECLARATION OF SAVANNAH BURGOYNE IN SUPPORT OF DEFENDANT'S OPPOSITION TO THE GOVERNMENT'S MOTION FOR REVIEW OF THE MAGISTRATE JUDGE'S RULING ON DEFENDANT'S PRESENTENCING TRAVEL RESTRICTIONS

## DECLARATION OF SAVANNAH BURGOYNE

I, SAVANNAH BURGOYNE, declare the following to be true and correct:

1.     I am an attorney at law duly licensed to practice before the courts of the State of Virginia and the District of Columbia, and am an associate at the law firm of Latham & Watkins LLP. On November 21, 2023, this Court admitted me to practice *pro hac vice* to appear on behalf of Defendant Changpeng Zhao ("Defendant" or "Mr. Zhao") in connection with the above-captioned matter. *See* ECF Nos. 10, 22.

2.      I submit this declaration in support of Defendant's Opposition to the government's Motion for Review of the Magistrate Judge's Ruling on Defendant's Presentencing Travel Restrictions ("Opposition").  I have personal knowledge of the facts stated herein, and could and would competently testify to these facts if called as a witness.

3.      On November 21, 2023, this Court held the initial appearance, change of plea, and detention hearing as to Mr. Zhao (the "Hearing").  *See* ECF No. 29.  Judge Tsuchida presided and issued an order from the bench on the conditions of release for Mr. Zhao, permitting him to return to the United Arab Emirates (the "Release Order").  *See id*.  I appeared on behalf of Mr. Zhao for the Hearing.  *See id.*

4.      Shortly following the Hearing, and also on November 21, 2023, counsel for Mr. Zhao requested from the Court a copy of the official digital recording of the Hearing.  That official digital recording was received on the same date.

5.      In connection with Mr. Zhao's Opposition, I listened to and transcribed the official audio recording of the Hearing in relevant parts, as an official transcript for the Hearing cannot be obtained in time for the submission of Mr. Zhao's Opposition.

6.      The following excerpts are portions from the Hearing, with respective approximate time stamps from the original digital recording, which I have transcribed and determined to the best of my ability and believe to be true and accurate:

   a.  **Mr. Mosley, beginning at 00:49:16 of the recording:**  "The position, Your Honor, is that Mr. Zhao should remain in the United States.  He would be able to travel freely with certain conditions within the United States, but not be allowed to travel outside of the continental United States which would include not being able to go back to, in particular, to the United Arab Emirates where the United States does not have an extradition treaty and where Mr. Zhao has extensive family ties."

   b.  **Mr. Burke, beginning at 00:56:39 of the recording:**  "We also believe that there are many indications that Mr. Zhao, beyond the fact that he's come here, that he will be coming here and there are really no reasons to think that he will

DECLARATION OF SAVANNAH BURGOYNE
(*United States v. Changpeng Zhao*, CR23-179-RAJ)

2

Davis Wright Tremaine, LLP
920 Fifth Avenue, Ste. 3300, Seattle, Washington 98104
(206) 757-8298

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

not, including, Your Honor, that the sentence that he's facing under the Guidelines is either twelve to eighteen months if the government prevailed on its theory of the unlawful proceeds enhancement; it's ten to sixteen months if we prevail on our arguments.  And of course, we will be arguing as well for a lower sentence than even the ten months that will be the bottom of the range."

c. **Mr. Bartlett, beginning at 01:00:35 of the recording**:  "And I think it's absolutely critical for the Court to understand the UAE is probably, if not the top country, one of the top two or three countries in the world welcoming crypto.  And he went over there over two years ago because there was a mutual seeking out – he wanted to go to a country that welcomed crypto, and they wanted him.  They have treated him tremendously well.  And he is a citizen of the UAE.  And it's interesting, as a person who was not born in the UAE, he could not apply to be a citizen.  They contacted him and they offered him citizenship.  That's how he became a citizen over there.  And he is very fond of the country, he is very grateful to the government, for the welcome they've shown his business, his family and himself.  He would never put that government in a situation where the U.S. government is saying we need this man out of here and he's saying no, no, no protect me.  He wouldn't do it. . . . And finally I'll commit to the Court, we will come back two to three weeks before sentencing, so we won't even know what the government's going to recommend, we'll have him back in the country.  He'll wake up, we'll see what the recommendation is, we'll go to sentencing, and we'll deal with it at that point and time.  If the Court has any questions I'd be happy to respond."

d. **Mr. Bartlett, beginning at 1:13:48 of the recording**:  "Completely understand.  The one thing I do want to respond to with regard to Mr. Mosley is, he is right, I think that the UAE government has been incredibly gracious toward Mr. Zhao and I think they should be because what a wonderful company he brought to them.  On the other hand, if you look at any of the history between the UAE and the United States government, you will see that they are one of the closest allies with the United States government, both militarily and diplomatically.  It is a very, very close relationship that is good for both parties.  And as I mentioned before, Mr. Zhao is totally aware of that, and he would never put that country in a position where they had to choose him over their good relationship with the United States."

e. **Mr. Zhao, beginning at 1:18:14 of the recording**:  "Your Honor, I just want to say one thing.  I want to close the issue.  So I want to take responsibility and close this chapter in my life.  So, it is a very simple mindset for me.  I've not caused problems before, I've never been a criminal, I've not been into a courthouse before.  So all this is new to me.  To be very frank, before I came, I was a little bit scared.  In most countries, when you go to the country, you know, you don't know what's going to happen.  So I was very impressed in this court hearing having Your Honor explain every little detail to me, all of that is very reassuring actually.  So before I come here, I did not know that.  So and also with the issue on UAE – I was given, I was offered a citizenship, I took it as an

1
2
3

honor.  I do not want to leverage that to say 'hey, protect me.'  I don't want to use that.  I don't want to use favors in that way.  So I want to address issues myself.  So I have full intention to come back here and close this issue, otherwise I wouldn't be here today.  So the issue was there, we got to an agreement, and I will close the issue now.  Thank you.  I will return."

4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

f.  **Judge Tsuchida, beginning at 1:19:33 of the recording**:  "Thank you everyone for filling me in on a very interesting and challenging decision.  This is what I'm going to do.  Number one, there is no disagreement among the parties, the defense and the prosecution, that release is appropriate in the case, so I will fashion an appearance bond and release order.  The release order is going to say that you are required to, number one, make all of your court appearances and we'll put right in the order the current sentencing date.  And simply because that's what Judge Jones has currently set, if he wants to change it, he can change it, but until he changes it that's when you would be required to show up.  Now this is very important for a couple reasons, because number one a release order can be revoked if you don't show up.  You can face more criminal charges if Mr. Mosley, and Mr. Dion, or Ms. Carr, or Mr. Wharton can prove that you willfully failed to show for a court hearing after being ordered to do so, they say you are a bail jumper, we will prosecute you for that, you could go to prison for that, on top of whatever you face so it's very important you show up.  In all criminal cases we also always order what is sort of common sense, it goes without saying, do not commit any law violations of any kind, you have to maintain good conduct.  And law violations being law violations of federal, state, local, you know there's a zillion different kinds of laws.  You have to show up for your court hearings.  You have to stay out of trouble and abide by all laws.  The main issue here is the one on where you should live and this is a very close call but I tend to favor your position, to stay in the UAE.  I think everybody who appears in this Court has always presented a risk of flight.  There's been no one that I have released that did not present some kind of risk of flight, including people who actually face many, many more years than you who still show up.  But I think that your actions maybe speak louder than the worries in the sense that you had no obligation to come to the country and you did.  And as you said your intent is you would like to resolve this case, not run.  And so, I think we will allow you to live in UAE.  You will reside at a residence that you will maintain and let your lawyers know and don't change until you let your lawyers know.  I think as a practical matter and the pretrial office can correct me, it's impracticable to say well I'm going to order pretrial service, you know, they're not going to go over to the UAE and, you know, visit you at your house or anything like that.  And so the distance and the fact that it's a foreign country doesn't make a huge amount of sense.  All right?  Mr. Bartlett had indicated, and maybe this is also a wise thing, that you are willing to appear several weeks before sentencing, in other words the parties haven't even submitted their sentencing packets yet so you are kind of coming blind, you don't even know what the government is actually going to say – is it five months, ten months, two months, twelve months, sixteen months, whatever –

you know, but you don't know.  And so I suppose, Mr. Bartlett, Mr. Mosley, Mr. Dion, Ms. Carr, Mr. Wharton, Mr. Naftalis, Mr. Burke, that we could put into the appearance bond that you shall return to the United States fourteen days before your sentencing."

   g.  **Judge Tsuchida, beginning at 1:34:00 of the recording**:  "Mr. Zhao, I'm just kind of going over both a legal and practical thing – the legal part is that these decisions I make are reviewable by your district judge, the practical thing is what kind of time gap we need to sort out whether Judge Jones will affirm what I've just ordered or will reverse.  So let us simply say that the government has said they need 72 hours, so, today is Tuesday . . . Wednesday . . . well, if you count Thursday we're really talking about until Friday.  What kind of time pressures does your client have, or does he have any time pressures about staying in the U.S.? . . . Well let me do this, because you know we have Thanksgiving and oddly the Court is supposed to be open but I think it's closed on Friday so I don't know if a lot of people are going to be around;  why don't we just say if we don't hear from Judge Jones by 5:00 on Monday, then this order will stand.  And the reason I say this is that it is not that Judge Jones has to make a decision, but if he says 'I want to take a look at this,' then he'll set a hearing I'm sure, but, you know, it is not going to take him that long to say I want a hearing, or I don't want a hearing. . . . Okay, so Mr. Zhao you got to stick around the United States, don't leave, alright, and, because we will give Judge Jones until Monday afternoon to say whether he wants to take a look at this, reverse me, affirm me, it'll be up to him okay?  And I think if we do not hear from Judge Jones then this order will stand and this will be your release order, alright?"

  7.  If helpful to the Court, counsel for Mr. Zhao would be happy to obtain an official transcript of the Hearing from a third party vendor and submit to this Court as soon as practicable.

  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on November 23, 2023, in Washington, D.C.

             /s/ Savannah Burgoyne
             Savannah Burgoyne