The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHANGPENG ZHAO, aka "CZ,"<br><br>Defendant. | NO. CR23-179 RAJ<br><br>**GOVERNMENT'S REPLY TO MOTION FOR REVIEW OF MAGISTRATE JUDGE'S RULING ON DEFENDANT'S PRESENTENCING TRAVEL RESTRICTIONS** |

In the vast majority of cases, a multi-billionaire defendant who has pleaded guilty, faces possible prison time, and lives in a country that does not extradite its citizens to the United States would be detained. But this is an unusual case. Changpeng Zhao has voluntarily appeared in the U.S. to face justice. At the bond hearing, the United States took that into account and made an exceptional recommendation: that Mr. Zhao be allowed to remain free until his sentencing. The United States did not make that recommendation because it believed that Mr. Zhao presented no flight risk. Rather, the United States believed that Mr. Zhao presented a flight risk that could be managed by requiring him to remain in the U.S. and preventing him from returning to the safe haven of the UAE until

Government's Reply to Motion for Review of Ruling on Defendant's
Presentencing Travel Restrictions
*United States v. Zhao*, CR23-179RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

sentencing.[1]  This is a reasonable restriction given that, if Mr. Zhao is allowed to return to the UAE and then fails to appear, he may never answer for his crime.

The defense claims that Mr. Zhao faces merely a "brief" sentence and has no incentive to flee.  The reality is that the top-end of the Guidelines range may be as high as 18 months, and the United States is free to argue for any sentence up to the statutory maximum of ten years.  Docket no. 31, Plea Agreement, ¶¶ 4, 8, 10.  As the defense will certainly emphasize at sentencing, Mr. Zhao has a family and has never spent a day in custody.  The penalties he faces at sentencing will no doubt seem significant to him, and that weighs in favor of the reasonable restrictions the United States proposes.

The defense also suggests that the government is inappropriately relying on Mr. Zhao's citizenship in arguing that he poses an insurmountable risk of flight should he be allowed to return to the UAE.  It is true that a defendant may not be detained "merely" on the basis of citizenship.  *United States v. Cortes,* 2023 WL 3018923 (W.D.W.A. April 20, 2023).  Nevertheless, the Ninth Circuit is clear the defendant's citizenship "may be taken into account" in the analysis of bond and detention.  *United States v. Motamedi*, 767 F.2d 1403, 1408 (9th Cir. 1985).

A court should also consider how long the defendant has lived in the United States; whether they work, own property, or have family in the United States; and whether they have relatives who are U.S. citizens.  *Cortes*, 2023 WL 3018923 at *4.  In *Cortes*, the court relied heavily on the defendant's significant ties to the United States and infrequent travel to Mexico (where he held dual citizenship) as well Pretrial Services' recommendation of release.  *Id.*[2]

---

[1] Sentencing is set for February 23, 2024.  As the Court and all parties are aware from the record, that date could change.

[2] Notably, in both *Motamedi* and *Cortes*, the issue was whether the defendants should be detained or released on conditions within the United States, as opposed to released to a foreign country.

| Government's Reply to Motion for Review of Ruling on Defendant's Presentencing Travel Restrictions<br>*United States v. Zhao*, CR23-179RAJ | UNITED STATES ATTORNEY<br>700 STEWART STREET, SUITE 5220<br>SEATTLE, WASHINGTON 98101<br>(206) 553-7970 |
|---|---|

1     None of these factors favor permitting Mr. Zhao to return to the UAE. Pretrial Services recommended detention.[3] Mr. Zhao has no ties to the United States. His family lives in the UAE and he holds his wealth and property abroad, including in the UAE. Mr. Zhao is not simply a citizen of the UAE, but has favored status there, having obtained citizenship by invitation. While Mr. Zhao characterizes this invitation and citizenship as an "honor" that he would not leverage to avoid U.S. law, it demonstrates his strong connections to the UAE. Given these connections, should Mr. Zhao decide not to return to the United States to face an uncertain sentence, there is no reason to believe that the UAE would hand him over.

    The government respectfully requests the Court require Mr. Zhao to remain in the continental United States in the period between his plea and sentencing.

---

[3] The defense claims that it was "misleading" for the United States to note that the Pretrial Services recommended detention because Pretrial Services supposedly did not also "suggest" or "advocate" for detention. The United States did not claim that Pretrial Services *suggested* or *advocated* for anything. The United States only noted what they *recommended*, which was detention.

Government's Reply to Motion for Review of Ruling on Defendant's Presentencing Travel Restrictions
*United States v. Zhao*, CR23-179RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

DATED this 24th day of November, 2023.

| | |
|---|---|
| MARGARET A. MOESER<br>Acting Chief<br>Money Laundering and Asset Recovery<br>Section, Criminal Division<br>U.S. Department of Justice | TESSA M. GORMAN<br>Acting United States Attorney<br>Western District of Washington<br>U.S. Department of Justice |
| /s/ Kevin G. Mosley_____<br>Kevin G. Mosley<br>Elizabeth R. Carr<br>Trial Attorneys | /s/ Michael Dion_____<br>Michael Dion<br>Assistant United States Attorney |

JENNIFER KENNEDY GELLIE
Acting Chief
Counterintelligence and Export Control
Section, National Security Division
U.S. Department of Justice

/s/ Beau D. Barnes_____
Beau D. Barnes
Alex Wharton
Trial Attorneys

I certify that this pleading contains 697 words, in compliance with the Local Criminal Rules.

Government's Reply to Motion for Review of Ruling on Defendant's
Presentencing Travel Restrictions
*United States v. Zhao*, CR23-179RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970