HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CHANGPENG ZHAO,<br><br>　　　　Defendant. | No. CR23-00179 RAJ<br><br>ORDER ON GOVERNMENT'S MOTION FOR REVIEW OF MAGISTRATE JUDGE'S RULING ON DEFENDANT'S PRESENTENCE TRAVEL RESTRICTIONS |

## I.　INTRODUCTION

THIS MATTER comes before the Court upon the Government's Motion for Review of Magistrate Judge's Ruling on Defendant's Presentencing Travel Restrictions. Dkt. 34. The Court has considered the government's motion, the defendant's opposition (Dkt. 39), the declaration of Savannah Burgoyne (Dkt. 40), the government's reply (Dkt. 41), and the files and pleadings herein, including the report prepared by Pretrial Services.

Defendant Changpeng Zhao was charged with Failure to Maintain an Effective Anti-Money Laundering Program in violation of 31 U.S.C. §§ 5318 and 5322. Dkt. 1. On November 21, 2023, the defendant entered a plea of guilty to the charge pursuant to a

ORDER – 1

written plea agreement. Dkt. 31. The stipulated Guideline range for this offense may be either 10-16 months or 12-18 months imprisonment. Dkt. 38.

Sentencing on this matter is scheduled for February 23, 2024, and Magistrate Judge Brian Tsuchida established presentence bond conditions that would allow the defendant to return to his home in the United Arab Emirates ("UAE"). The government thereafter gave notice that it would seek review of that decision based on the perceived substantial risk of flight posed by the defendant.

Now before this Court is the government's motion for review of Magistrate Judge Tsuchida's decision. As relief, the government requests that Mr. Zhao be required to remain in the continental United States in the period between his plea and sentencing. Dkt. 34, at 6. After reviewing the parties' briefs, the relevant case law, and the record, the Court finds that oral argument is unnecessary. For the reasons below, the Court **GRANTS** the government's motion and orders that the defendant shall not be permitted to return to the UAE before his sentencing. All other conditions of his release shall remain the same.

## II. LEGAL STANDARD

The parties accurately identify that a district court reviews *de novo* a magistrate judge's order for pretrial detention or release. *United States v. Koenig*, 912 F.2d 1190, 1192-93 (9th Cir. 1990). Detention is not an issue for this Court in resolving the pending motion. The government has conceded that the defendant is not a danger to the community and agreed that bail is appropriate. Dkt. 34, at 3 *n.* 1. The Court is equally mindful that "the district court is not required to start over in every case and proceed as if the magistrate's decision and findings did not exist." *Koenig*, 912 F.2d at 1192. Rather, the district court "should review the evidence before the magistrate and make its own independent determination whether the magistrate's finding is correct, with no deference." *Id.* at 1193.

ORDER – 2

The defendant has entered a plea of guilty to the charged offense. The government and defendant have each accurately stated the criteria and legal standard to be applied when determining the applicable conditions of release and will not be repeated here. Dkt. 34, at 3-4; Dkt. 38, at 7-8.

### III.   DISCUSSION

The thrust of the government's motion is predicated upon its contention that the defendant should not be permitted to return to the UAE because the United States does not have an extradition treaty with the UAE. Dkt. 34, at 4-5. The government contends that the absence of an extradition treaty with the UAE, combined with the defendant's significant assets and strong connections to the UAE, would allow him to evade his obligation to return to the United States for sentencing. *Id.*

The government's fear is supported by its belief that the vast majority of the defendant's wealth is held overseas and the belief that he has access to hundreds of millions of dollars in accessible cryptocurrency. *Id.*, at 4. Moreover, the government has also posited its belief that the defendant was offered UAE citizenship by that government, thereby suggesting an indication of his favored position within the UAE. *Id.* Under these circumstances the government does not believe the UAE government would likely accede to a request by the U.S. government to assist in extraditing the defendant to the United States. *Id.*, at 5.

Finally, the government argues that because the defendant is a multi-billionaire whose liberty is at state and whose assets are primarily overseas, his bail package is inadequate to ensure his return. *Id*. This argument includes the government's belief that should the defendant choose not to return to the United States for sentencing, he has sufficient assets to compensate his guarantors for any losses and he personally could sustain the loss of any funds that he may have personally posted for his release. *Id.*, at 5-6.

ORDER – 3

The defendant contends, however, that he is not a flight risk for a variety of reasons. Specifically, (i) he and his Company have taken full responsibility for their past actions through their pleas and global resolution, and he would not have traveled to the United States to self-surrender and plead guilty unless he intended to appear for sentencing; (ii) he has no criminal history and is a prominent public figure around the world; and (iii) neither his residence and citizenship in the UAE, nor the wealth, is enough to make him a flight risk. Dkt. 38, at 4-5.

The defendant has articulated justifications that in most cases would cause the government's motion to be denied. However, a critical feature of the government's motion is the extent of the defendant's enormous wealth and absence of an extradition treaty with the UAE. In addition, the defendant's family resides in the UAE and there is no indication he has any other ties to the United States. While the defendant has indicated he will be asking for a lesser sentence, the government has indicated it may be asking for as much as 18 months of incarceration. Consequently, the defendant is not facing an insignificant sentence.

The Court is mindful of the government's assertion that it is unaware of any instance in which the UAE has extradited a citizen of the UAE to the United States. Dkt. 34, at 4. The absence of an extradition treaty, the defendant's extraordinary financial capabilities, the unusual circumstance that the defendant appears to have favored citizen status by the fact the UAE granted him citizenship complicate the willingness of this Court to have complete confidence that he will return to the United States for sentencing. Granted he returned to enter pleas of guilty, but pleading guilty and actually returning to the United States where he may face a sentence of 18 months pose significantly different risks.

To be clear, the Court is not making this determination upon the defendant's alienage or citizenship. The Court recognizes that although a defendant may be from a different country that alone does not point conclusively to a determination that a

ORDER – 4

defendant poses a serious risk of flight. *United States v. Motamedi,* 767 F.2d 1403, 1408 (9th Cir. 1985). It is the combined facts of the defendant's circumstances that pose the risk of nonappearance.

The Court acknowledges that substantial funds have been posted for the defendant, but this fails to recognize that the defendant continues to have considerable resources at his command with the luxury of him having the ability to absorb the loss of what has been tendered if he elected to not return to the United States.

The defendant has cited a host of cases where individuals were permitted to travel to foreign countries where there are no extradition treaties. None of these cases are comparable to the present circumstances of the defendant who continues to have considerable resources that ostensibly far exceed any amount currently available to forfeit should he fail to return for sentencing. There is no dispute that the bail package for the defendant is significant, but it is inadequate to ensure his return when considering the vast resources and assets at his disposal. Equally concerning is that the defendant's assets appear to be primarily held overseas. While the bail package is substantial, if not unprecedented, it is a package that appears to be largely comprised of assets beyond the government's reach. As noted by the government, besides the $15 million in security custodied with the defendant's counsel and three guarantors promising $5 million in assets, the remainder of the $175 million bond is outside the jurisdiction of the United States legal system if defendant chooses to remain in the UAE. Dkt. 34, at 5.

The Court agrees with the government that this is an unusual case. The defendant has enormous wealth and property abroad, and no ties to the United States. His family resides in the UAE and it appears that he has favored status in the UAE. Under these circumstances the Court finds that the defendant has not established by clear and convincing evidence that he is not likely to flee if he returns to the UAE. The bond conditions allow the defendant the to remain free and to travel within the United States

ORDER – 5

and his family is free to visit him in the United States. These are hardly burdensome impositions on the defendant's freedom pending sentencing.

Given the totality and unique circumstances of this case, the Court will require Mr. Zhao to remain in the continental United States during the period between his plea and sentencing.

## IV.   CONCLUSION

Based on the foregoing reason, the Court **GRANTS** the government's motion, and the defendant shall remain in the continental United States during the period between his plea and sentencing.

DATED this 7th day of December, 2023.

_____
The Honorable Richard A. Jones
United States District Judge

ORDER – 6