THE HONORABLE BRIAN A. TSUCHIDA

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CHANGPENG ZHAO,<br><br>Defendant. | No. CR23-179 (RAJ)(BAT)<br><br>UNOPPOSED MOTION TO SEAL UNREDACTED VERSION OF DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION TO MODIFY BOND<br><br>*Note on Motion Calendar:*<br>*February 27, 2024* |

Defendant Changpeng Zhao moves to file his Response (the "Response") to the government's Motion to Modify Bond, Dkt. 63, under seal and file the Response publicly with redactions because the Response contains highly confidential and sensitive information. The Court has previously issued a sealing order, Dkt. 27, and has accepted other sealed submissions, Dkt. 39 and 49, granting leave for Mr. Zhao to file under seal confidential and sensitive information of the same or similar nature. The government does not oppose this motion.

"It is well-settled that federal courts have inherent authority to control papers filed with the court." *United States v. Mezquita Vega*, No. CR20-120RSM, 2023 WL 7129770, at *1 (W.D. Wash. Oct. 30, 2023) (citing *United States v. Shryock*, 342 F.3d 948, 983 (9th Cir. 2003)); *see also*

UNOPPOSED MOTION TO SEAL UNREDACTED VERSION OF DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION TO MODIFY BOND (CR23-179) - 1

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
NEW YORK

*United States v. Mann*, 829 F.2d 849, 853 (9th Cir. 1987) ("The district court has the inherent power to seal affidavits filed with the court in appropriate circumstances.").[1]  When deciding to seal court filings, courts "must consider the two qualified rights of access to judicial proceedings and records recognized by the Ninth Circuit – the First Amendment right of access to criminal proceedings and documents there in, and the common law right to inspect and copy public records and documents, including judicial records and documents." *United States v. Collins*, No. CR20-5001-BHS, 2020 WL 6874873, at *1 (W.D. Wash. Nov. 23, 2020) (citing *United States v. Doe*, 870 F.3d 991, 996-97 (9th Cir. 2017)).

The First Amendment and common law rights to access court filings and proceedings create a "strong presumption" in favor of openness and access.  *Doe*, 870 F.3d at 998 (describing First Amendment right of access); *Foltz v. State Farm Mutual Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (describing common law right of access).  Parties in a criminal proceeding can rebut the presumption under the First Amendment by showing "'(1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest.'"  *Doe*, 870 F.3d at 998 (citing *Oregonian Pub. Co. v. U.S. Dist. Court for Dist. of Or.*, 920 F.2d 1462, 1466 (9th Cir. 1990)).  Similarly, under the common law right of access "[a] party seeking to seal a judicial record . . . bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard."  *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz*, 331 F.3d at 1135).  Any court ruling must be supported by specific factual findings.  *Doe*, 870 F.3d at 998.  Because the First Amendment right to access is stronger than the common law right, a party seeking to seal a filing or proceeding need only meet the former standard.  *See United States v. Bus. of Custer Battlefield Museum & Store Located at Interstate 90,*

---

[1] The Ninth Circuit also "allows the presumptive sealing of documents attached to a motion to seal while district courts consider whether the documents should be made public." *United States v. Doe*, 870 F.3d 991, 1002 (9th Cir. 2017).

UNOPPOSED MOTION TO SEAL UNREDACTED VERSION OF DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION TO MODIFY BOND (CR23-179) - 2

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
NEW YORK

*Exit 514, S. of Billings, Mont.*, 658 F.3d 1188, 1197 n.7 (9th Cir. 2011).  When a district court seals documents or proceedings, "it must be no greater than necessary to protect the interest justifying it," and sealed documents "must be released when the danger of prejudice has passed."  *United States v. Brooklier*, 685 F.2d 1162, 1172 (9th Cir. 1982).

Accordingly, Mr. Zhao moves for leave to file the unredacted version of the Response under seal and publicly file the Response with redactions.

Dated this 27th day of February, 2024.

By: */s/ Benjamin Naftalis*
Benjamin Naftalis (*pro hac vice*)
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
Tel: (212) 906-1200
Fax: (212) 751-4864
benjamin.naftalis@lw.com

*Attorney for Defendant Changpeng Zhao*

*I certify that this memorandum contains 602 words, in compliance with the Local Criminal Rules.*

UNOPPOSED MOTION TO SEAL UNREDACTED VERSION OF DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION TO MODIFY BOND (CR23-179) - 3

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
NEW YORK

**CERTIFICATE OF SERVICE**

I, Benjamin Naftalis, hereby certify that on February 27, 2024, I electronically filed the foregoing with the Clerk of Court by email.

> */s/ Benjamin Naftalis*
> Benjamin Naftalis (*pro hac vice*)
> LATHAM & WATKINS LLP
> 1271 Avenue of the Americas
> New York, NY 10020
> Tel: (212) 906-1200
> Fax: (212) 751-4864
> benjamin.naftalis@lw.com

UNOPPOSED MOTION TO SEAL UNREDACTED VERSION OF DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION TO MODIFY BOND (CR23-179) - 4

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
NEW YORK