1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

THE HONORABLE BRIAN A. TSUCHIDA

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA

v.

CHANGPENG ZHAO,

               Defendant.

No. CR23-179 (RAJ)(BAT)

**DEFENDANT'S RESPONSE TO
GOVERNMENT'S MOTION TO
MODIFY BOND**

## **INTRODUCTION**

More than three months have passed since Mr. Zhao self-surrendered from a non-extradition country and pleaded guilty. Since then, he has complied fully with his conditions of release. Neither the government nor Pretrial Services claim otherwise. Yet with no changed circumstance or even a hint at justification, the government now seeks to impose additional restrictions on Mr. Zhao and—most disappointingly—seeks to do so without providing the Court with a complete set of relevant facts. While these new conditions are unnecessary, his counsel has been clear with the government for weeks that, with limited exception, he is willing to accept these additional conditions—provided that the government accurately represent Mr. Zhao's total compliance with his current release conditions and the additional and voluntary concessions he has offered to avoid unnecessary motion practice, so as not to give the misimpression to the Court or the public that some change of circumstances necessitates the government's modifications.

DEFENDANT'S RESPONSE TO GOVERNMENT'S
MOTION TO MODIFY BOND
(*United States v. Changpeng Zhao*, CR23-179-RAJ-BAT)

1

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
NEW YORK

1

2

As his past behavior confirms and as detailed below, Mr. Zhao is intent on appearing for his sentencing and continuing to accept responsibility for his offense.

3

## **BACKGROUND**

4

5

6

7

8

9

10

11

Both Magistrate Judge Tsuchida and Judge Jones have already considered and ruled on the appropriate release conditions for Mr. Zhao.  No changed circumstances warrant reconsideration.  Moreover, the motion follows weeks of back-and-forth between the government and Mr. Zhao's counsel in which Mr. Zhao strove in good faith to reasonably accommodate the government's unwarranted modifications, given the Court's orders with regard to bail have both been docketed and fully complied with by Mr. Zhao.  Instead of continuing those discussions, the government ignored defense counsel for nearly three weeks until suddenly filing its motion on the day Mr. Zhao's former company, Binance Holdings Limited, appeared for its sentencing hearing.

12

13

14

15

16

17

On November 20, 2023, Mr. Zhao voluntarily flew to the United States from the United Arab Emirates ("UAE") to appear before this Court, accept responsibility, and plead guilty pursuant to a written plea agreement.  Dkt. 32.  Before the plea hearing on November 21, 2023, Mr. Zhao submitted a Motion for Conditional Release Pending Sentence (Dkt. 21), arguing that he presents no flight risk and seeking the Court's approval of the proposed bail package and order for his release to the UAE.  The government submitted no response to that motion.

18

19

20

21

At the plea hearing, the government did not seek detention, agreeing that Mr. Zhao poses no danger to the community and is not a flight risk if he remains in the United States.  Dkt. 40, at ¶ 6(f).  The government formally requested no other restrictions or conditions of release for Mr. Zhao.  *Id.* at ¶ 6(a).[1]

22

23

24

25

After hearing from both parties, including from Mr. Zhao, Magistrate Judge Tsuchida ordered Mr. Zhao released and permitted him to return home to the UAE.  *Id.* at ¶ 6(f); Dkt. 33.  At the hearing, both parties were given the opportunity to review Magistrate Judge Tsuchida's

26

27

[1] The government's statements at the plea hearing mirrored its representations to defense counsel prior to the hearing; namely, that it would not seek detention and would not object to Mr. Zhao's ability to travel throughout the continental United States (subject, of course, to approval by the Court).

DEFENDANT'S RESPONSE TO GOVERNMENT'S
MOTION TO MODIFY BOND
(*United States v. Changpeng Zhao*, CR23-179-RAJ-BAT)

2

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
NEW YORK

draft appearance bond and request any modifications at that time. The government asked only that Magistrate Judge Tsuchida's order not go into effect until Monday, November 27, 2023, providing the government the opportunity to seek review from the District Court. *See* Dkt. 33; Dkt. 40, at ¶ 6(g).

On November 22, 2023, the government did seek review, filing a motion that was limited to challenging Magistrate Judge Tsuchida's decision to allow Mr. Zhao to return to his home in the UAE. Dkt. 34. The government asked only that the Court order Mr. Zhao to remain in the United States pending sentencing; it did not request or seek modifications to any other presentence bond condition. *See id.* at 1, 6. Mr. Zhao responded on November 23, 2023. Dkt. 38. In its subsequent reply, the government reiterated that it was only asking for the Court to require Mr. Zhao to "remain in the U.S." Dkt. 41, at 1. Again, the government did not request or seek modifications to any other presentence bond condition.

On December 7, 2023, Judge Jones granted the government's motion and ordered exactly what the government had requested: that Mr. Zhao "shall remain in the continental United States during the period between his plea and sentencing." Dkt. 46, at 6. Notably, the Court further ordered that "[a]ll other conditions of [Mr. Zhao's] release shall remain the same." *Id.* at 2.

Only after that ruling did the government notify counsel for Mr. Zhao that it wished to see *multiple* additional conditions imposed. Despite the fact that Judge Jones's December 7 order speaks for itself, and there is no justification to impose additional restrictions on Mr. Zhao, over the next two months Mr. Zhao sought to reach agreement with the government. Throughout that extensive dialogue, Mr. Zhao made every reasonable effort to reach consensus with the government while still protecting important interests of his own, including (among other things) ensuring that he retained personal identification on him at all times as required under U.S. immigration law. *See, e.g.*, 8 U.S.C. § 1304(d).

On December 27, 2023, Mr. Zhao requested that the Court permit him to return home for one week in early January 2024 to attend to a family medical matter. Dkt. 49. The government opposed the request and did not raise additions or modifications to the bond. In a hearing on

DEFENDANT'S RESPONSE TO GOVERNMENT'S
MOTION TO MODIFY BOND
(*United States v. Changpeng Zhao*, CR23-179-RAJ-BAT)

3

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
NEW YORK

1    December 29, 2023, the Court denied Mr. Zhao's request on the basis that the medical matter

2    lacked the necessary urgency to warrant a modification to his conditions of release, but the Court

3    made no changes to Mr. Zhao's appearance bond—nor did it signal in any way that any additions

4    or modifications were necessary.  Dkt. 50; Dkt. 52.

5        For its part, the government failed to indicate to the Court at any point in this process that

6    it believed modifications to the appearance bond were necessary.  It could have requested such

7    modifications at the November 21, 2023 plea hearing (Dkt. 29); in its motion for reconsideration

8    of the Magistrate Judge's Order (Dkt. 34); in opposing Mr. Zhao's December 29 travel request

9    (Dkt. 50; Dkt. 52); or at any other time in the past three months.  It did not.

10       On February 7, 2024, counsel for Mr. Zhao explained to the government that—as excerpted

11   below— Mr. Zhao did not object to the requested modifications as a whole, but did want to ensure

12   that any joint or stipulated motion fairly represented the facts: that the modifications were

13   unwarranted; that nothing has changed to justify the proposed new conditions; and that Mr. Zhao

14   has complied with all current conditions of his bond.   Specifically, counsel wrote to the

15   government as follows:

16

17       We can agree to the additional passport measure, provided the motion is revised as
         below.  We do not believe the motion as currently drafted would provide the Court
18       with an accurate picture of the proposal.

19
         First, the draft motion states that the purpose of the motion is to make Mr. Zhao's
20       bail conditions consistent with the Court's order.  That isn't the case.  As we have
         discussed, the Court's bail orders are clear and there is no need for any
21       clarifications.  And there has been no changed circumstance—indeed, Mr. Zhao has
         always been in full compliance with the ordered conditions.   Rather, the
22       government now wants additional conditions in place and (accordingly) this should
         be styled as the government's motion to modify.
23

24       Second, the draft motion leaves the misleading impression that the reason for this
25       motion is because Mr. Zhao has not been in compliance with the Court's order.  As
         you know, Mr. Zhao has been in full compliance and there is nothing to suggest he
26       is a flight risk requiring additional conditions.  We have been clear that there is no
27

DEFENDANT'S RESPONSE TO GOVERNMENT'S
MOTION TO MODIFY BOND
(*United States v. Changpeng Zhao*, CR23-179-RAJ-BAT)

4

LATHAM&WATKINS LLP
Attorneys At Law
New York

need for anything more, but in order to not burden the Court with unnecessary motion practice—and to give the government additional (albeit unnecessary) reassurance—we have already voluntarily taken additional steps, including placing two of his three passports under the custody and control of his US-based attorneys, and having his security team retain custody and control of his Canadian passport, except for those instances when he must present identification related to travel within the United States (at an airport or at a hotel). We have also provided you the name and CV of the former British soldier who travels with Mr. Zhao and holds his passport. Thus, the government's motion and preamble should make clear that we have voluntarily taken these steps, that those were deemed insufficient by the government, and so Mr. Zhao offered up an additional measure to provide the government further comfort regarding the custody of his Canadian passport: that it will [be] custodied by a third-party custodian employed and supervised by his counsel of record. The voluntary nature of these accommodations by Mr. Zhao should be set forth in the filing to the Court.

Third, as to the special conditions, No. 1 should simply read that Defendant will give Pretrial notice of any travel; the three-day ask presumes there is a reason for this notice window – and the rest is surplusage. No. 2 does not account for the fact that Mr. Zhao has voluntarily provided his other passports to counsel and has never made any applications for any new passports. Absent that context, the request for that new condition leaves the reader with the misimpression that [there] has been some changed circumstance requiring this directive. If you feel that additional ask is required, the motion should make clear that he has not made any new passport applications. No. 3 seems unnecessary.

As to the footnotes regarding Pretrial Services: these recommendations were not included in the Pretrial Report. It is unclear how they are coming up now. The lack of context for these footnotes (again) leaves the reader with the misimpression that Mr. Zhao has violated his bail conditions and there is some reason that Pretrial now wants to restrict his travel to Seattle and require location monitoring. They should be omitted. Happy to discuss and look forward to reviewing your next turn of the motion.

The government never responded to that email. Instead, it waited 16 days until suddenly filing its motion, without notification to defense counsel, on a day when there would be press coverage of the Company's sentencing.

DEFENDANT'S RESPONSE TO GOVERNMENT'S
MOTION TO MODIFY BOND
(*United States v. Changpeng Zhao*, CR23-179-RAJ-BAT)

5

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
NEW YORK

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

## ARGUMENT

The only basis for modification of bail conditions is a showing of materially changed circumstances.  Here, the government's motion does not even contend that circumstances have changed.  Nor could it: Mr. Zhao has complied in all aspects with his appearance bond and the Court's orders for over three months.  And there have been no allegations of noncompliance or heightened risk by anyone, including the government or Pretrial Services.

Aware that the requests it seeks are without justification, the government attempts to circumvent that requirement by claiming its proposed modifications are necessary to "effectuate" Judge Jones's orders. Dkt. 63.  Not so.  The Court's order is self-effectuating; no modifications are necessary or justified.  Even so, Mr. Zhao sought in good faith to accommodate the additional requirements upon which the government insisted in order to avoid burdening the Court with this exercise.  In fact, he is already in compliance with most of these requirements.  As detailed below and in the Proposed Order, Mr. Zhao objects only insofar as the motion attempts to mischaracterize his compliance with the Court's order and impose unnecessary restrictions without any legal or rational basis.  It is regrettable that the government omitted all of this context from its motion and withheld from the Court an accurate picture of the facts.

## A.   The Government Has Not Identified Any Materially Changed Circumstances Sufficient to Modify Mr. Zhao's Appearance Bond.

The law is clear that, absent a showing of materially changed circumstances after an appearance bond has been set, a court should not modify a defendant's release conditions.  *See, e.g.*, *United States v. Martin*, No. 1:21-CR-00228-ADA-BAM-1, 2022 WL 17343865, at *2-3 (E.D. Cal. Nov. 30, 2022); *United States. v. Carson*, No. SACR 09-0077, 2009 WL 10793874, at *1-2 (C.D. Cal. May 11, 2009) (denying the government's motion to modify defendant's release conditions because the government failed to provide new information material to defendant's risk

DEFENDANT'S RESPONSE TO GOVERNMENT'S
MOTION TO MODIFY BOND
(*United States v. Changpeng Zhao*, CR23-179-RAJ-BAT)

6

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
NEW YORK

of flight/danger to the community).[2]  This Court has observed that "[n]ew and material information consists of . . . truly changed circumstances, something unexpected, or a significant event." *United States v. Gale*, No. CR20-04 RAJ, 2020 WL 2098200, at *1 (W.D. Wash. May 1, 2020) (Jones, J); *see also* Dkt. 52.  The government fails to point to any change at all, let alone a change sufficient to require modification of Mr. Zhao's release conditions.

The government does not, and cannot, identify any material change that suggests Mr. Zhao's risk of flight has increased.  *Cf., e.g., United States v. Stewart*, No. CRIM. A. 96-583, 1997 WL 325784, at *3 (E.D. Pa. June 6, 1997) (granting the government's motion to modify release conditions based on defendant's "intense interest in a second passport, the efforts to establish an off-shore captive insurance company with easy access to its assets, the purchase of gold which is portable, and the movement of $3 million to [defendant's] personal account, all at a time when [defendant] knew an indictment for racketeering and related charges was imminent").  Quite the opposite: as set forth below, Mr. Zhao's actions affirm his willingness to comply with the Court's orders, as well as the majority of the government's requests.  Further restrictions on Mr. Zhao—beyond those to which he has already agreed—are unnecessary and unwarranted.

**B.** **While No Modifications Are Necessary to Effectuate the Court's Orders, Mr. Zhao Remains Willing to Agree to Reasonable Restrictions.**

Because it cannot anchor its requests in the law, the government asserts that "revisions" are necessary to ensure Mr. Zhao's "compliance" with the Court's release orders and to "effectuate Judge Jones's orders."  Dkt. 63.  But Judge Jones's orders require no such "effectuat[ion]."  *Id.*  Nevertheless, Mr. Zhao's counsel spent over two months communicating with the government in a good faith effort to obviate the need for motion practice and arrive at an agreed-upon set of conditions.  It is disappointing that the government cut off those discussions prematurely and instead chose to take only half the story directly to the Court—and to do so now, three months into

---

[2] District Courts in this Circuit apply the requirements of Section 3142(f) when considering whether to modify conditions of release under Section 3142(c).  *See, e.g., United States v. Smith*, No. CR-12-1298-PHX-GMS, 2012 WL 3776868, at *3-4 (D. Ariz. Aug. 31, 2012).

DEFENDANT'S RESPONSE TO GOVERNMENT'S
MOTION TO MODIFY BOND
(*United States v. Changpeng Zhao*, CR23-179-RAJ-BAT)

7

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
NEW YORK

this case and with only two months until sentencing.  Still, Mr. Zhao is already complying with the majority of the requested modifications even though the government does not, and cannot, point to any basis for those changes.

Taking the government's proposed conditions in turn:

*First*, the government requests that "Defendant must remain in the continental United States through the imposition of sentence."  Dkt. 63, at 2.  Although the appearance bond has already been modified by Judge Jones's orders, *see* Dkt. 46, 50, Mr. Zhao does not oppose inclusion of this restriction.  Mr. Zhao voluntarily flew to the United States to appear in this case. He has remained here since November 21, 2023, pursuant to the Court's orders and will continue to do so.  The government presents no reason—because there is none—to suggest otherwise.

*Second*, the government requests that "Defendant must notify Pretrial Services and the government of any travel within the continental United States at least three days before the travel so that Pretrial Services and the government may raise objections, if any, with the Court."  Dkt. 63, at 2.  Mr. Zhao is not opposed to notifying Pretrial Services before any travel within the continental United States.  The three-day requirement to also notify the government so that it "may raise objections," however, is entirely unwarranted.  Mr. Zhao is, and should remain, permitted to travel freely within the continental United States.  This has not been an issue to date.  The government has no reasonable basis to object to any such travel, and it has not presented any evidence, or cogent argument or concern, otherwise.  Mr. Zhao opposes this condition only to the extent it requires notice to the government.

*Third,* the government requests that "Defendant must surrender his current Canadian passport to a third-party custodian employed and supervised by his counsel of record.  The third-party custodian must retain control over that Canadian passport and must accompany Defendant on any travel that requires identification documents.  Defendant must surrender all other current and expired passports and travel documents to his counsel of record, who may return those documents to defendant only with authorization from Pretrial Services or the Court.  Defendant may not apply for or obtain a new passport or travel document from any country without the

DEFENDANT'S RESPONSE TO GOVERNMENT'S
MOTION TO MODIFY BOND
(*United States v. Changpeng Zhao*, CR23-179-RAJ-BAT)

8

LATHAM&WATKINS LLP
Attorneys At Law
New York

Court's permission." Dkt. 63, at 2. As the government knows, Mr. Zhao not only agreed to this condition, but he has already taken steps to provide the government with reasonable assurances. Although not required by the terms of his release, as an indication of his good faith and as the government is aware, on December 31, 2023, Mr. Zhao voluntarily placed two of his three passports in the custody of his U.S.-based defense counsel. He has also voluntarily placed his third passport in the control of his security professional, and when the government deemed that measure insufficient, Mr. Zhao further offered to take the additional step of retaining a separate third-party security service to perform this function under the supervision of counsel. It is odd that the government burdened the Court with a motion for this relief rather than simply coordinating with counsel for Mr. Zhao to implement it. And Mr. Zhao has never applied for any new travel or identification documents. Of course, the government's motion makes no mention of Mr. Zhao's good faith actions here or perfect compliance with his bail terms.

The remaining portions of the government's motion, including the fourth special condition and accompanying footnotes, should be disregarded. The fourth special condition is unnecessary; Mr. Zhao has been complying with the terms of his appearance bond. *See* Dkt. 33, at 1. He is in near-daily contact with defense counsel, who keep him apprised of all court hearings and developments in the case. And the government's footnotes reiterating Pretrial Services' default recommendations for a foreign defendant are unnecessary and misleading, as both Magistrate Judge Tsuchida and Judge Jones declined to incorporate those recommendations when imposing release conditions. *See* Dkt. 29; Dkt. 40, at ¶ 6(f); Dkt. 46.

## C.   Mr. Zhao's Actions Support Less Restrictive, Not Additional, Modifications.

If anything, Mr. Zhao's actions should alleviate concerns of a risk of flight. Since the November 21, 2023 plea hearing to today—a period of more than twelve weeks—Mr. Zhao has fully complied with the Court's orders, remaining within the continental United States. Despite the government's apparent insistence that access to his travel documents and resources render Mr. Zhao a risk of flight, Mr. Zhao has proved the opposite to be true: he has abided by the orders of the Magistrate and District Judges, remained in the country, kept in close contact with his

DEFENDANT'S RESPONSE TO GOVERNMENT'S
MOTION TO MODIFY BOND                                    9
(*United States v. Changpeng Zhao*, CR23-179-RAJ-BAT)

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
NEW YORK

attorneys, ████████████████████████████████.[3]  His conduct presents no evidence of any intention to stray from that course.

Full compliance with his conditions of release, ██████████████████████ ████████████, demonstrate that if the Court allowed him to return to the UAE, Mr. Zhao could be trusted to return to the United States for sentencing.  *See generally United States v. Zucker*, No. 2:13-CR-0024-TOR-5, 2015 WL 10381701, at *1 (E.D. Wash. July 24, 2015) (granting defendant's motion for release pending appeal in part because defendant had "complied with the terms of his pre-sentencing release and continue[d] to positively contribute to his community").  Indeed, he voluntarily traveled to the United States from the UAE to plead guilty. He is fully committed to accepting responsibility.  There is no reason why he would abandon that course less than two months before sentencing.  At present, Mr. Zhao has already spent more than three months in the United States and away from his family.

Contrary to what the government's motion would have the Court believe, the facts at this stage justify not *additional* conditions but *less restrictive* conditions.  Particularly in light of the fact that Mr. Zhao's sentencing hearing was recently continued for two months, one justified modification would be to permit him to return home briefly to see his partner and young children in the intervening weeks before April 30, 2024. Mr. Zhao has not made such a request here because he respects that the Court has already determined in its orders on December 8 and December 29 that he must remain in the United States.  He respects, and has abided by, every aspect of those rulings.

---

[3] ████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████

DEFENDANT'S RESPONSE TO GOVERNMENT'S
MOTION TO MODIFY BOND
(*United States v. Changpeng Zhao*, CR23-179-RAJ-BAT)

10

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
NEW YORK

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

## **CONCLUSION**

The government's motion to modify bond is unnecessary in light of the Court's straightforward orders and Mr. Zhao's compliance with those orders. No new circumstances warrant more restrictive conditions at this time. Even so, Mr. Zhao will agree to the new conditions to the extent described herein and as set forth in the attached Proposed Order Modifying Bond.

Dated:  February 27, 2024

By */s/ Benjamin Naftalis*
Benjamin Naftalis (*pro hac vice*)
Douglas K. Yatter (*pro hac vice*)
Eric Volkman (*pro hac vice*)
Savannah Burgoyne (*pro hac vice*)
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
Tel: (212) 906-1200
Fax: (212) 751-4864
benjamin.naftalis@lw.com
douglas.yatter@lw.com
eric.volkman@lw.com
savannah.burgoyne@lw.com

*I certify that this memorandum contains 3683 words, in compliance with the Local Criminal Rules.*

*/s/ William Burck*
William Burck (*pro hac vice*)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
1300 I Street NW
Suite 900
Washington, D.C. 20005
Tel: (202) 538-8000
Fax: (202) 538-8100
williamburck@quinnemanuel.com

DEFENDANT'S RESPONSE TO GOVERNMENT'S
MOTION TO MODIFY BOND
(*United States v. Changpeng Zhao*, CR23-179-RAJ-BAT)                    11

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
NEW YORK

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

*/s/ Mark Bartlett*
Mark Bartlett
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue
Suite 3300
Seattle, WA 98104
Tel: (206) 757-8298
markbartlett@dwt.com

*Attorneys for Changpeng Zhao*

DEFENDANT'S RESPONSE TO GOVERNMENT'S
MOTION TO MODIFY BOND
(*United States v. Changpeng Zhao*, CR23-179-RAJ-BAT)

12

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
NEW YORK

## CERTIFICATE OF SERVICE

I, Benjamin Naftalis, certify that on February 27, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will notify such filing to all participants in this case.

*/s/ Benjamin Naftalis*
Benjamin Naftalis
Latham & Watkins LLP

DEFENDANT'S RESPONSE TO GOVERNMENT'S
MOTION TO MODIFY BOND
(*United States v. Changpeng Zhao*, CR23-179-RAJ-BAT)

13

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
NEW YORK