Magistrate Judge Brian A. Tsuchida

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

UNITED STATES OF AMERICA,

10

Plaintiff,

11

v.

12

CHANGPENG ZHAO, a/k/a "CZ,"

13

Defendant.

NO. CR23-179 RAJ

UNITED STATES' REPLY IN SUPPORT
OF MOTION TO MODIFY BOND

14

15

## I.    INTRODUCTION

16       The United States has moved to modify Defendant Changpeng Zhao's bond to

17 include routine conditions of pretrial release. Dkt. 63. The motion was based on a major

18 change in Zhao's circumstances: instead of being allowed to return to his home in the

19 United Arab Emirates, Zhao has been ordered to remain in the United States through

20 sentencing. The original bond conditions were based on the expectation that Zhao would

21 be living in the UAE, and so they did not address matters such as custody of his passports

22 and notifications to Pretrial Services related to his travel plans and residence. The United

23 States filed its motion to modify the bond conditions to address these basic issues and to

24 ensure that routine conditions are in place for Zhao as they would be for any other

25 defendant on presentencing release. The government did not allege Zhao committed any

26 violations of his release, but instead proposed modifications that are standard, minimally

27 restrictive, appropriate, and consistent with the Court's orders.

U.S. Reply in Support of Mot. to Modify Bond - 1
*United States v. Zhao* / CR23-179 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## II.     DISCUSSION

The defense criticizes the government for delay in filing its motion. Dkt. 65. But the delay occurred because the government engaged in protracted negotiations with defense counsel to try to file a consent motion. Judge Jones ordered Zhao to remain in the United States on December 7, 2023. Dkt. 46. The government emailed defense counsel a draft motion to modify on December 12 and invited edits and discussion. Weeks of back-and-forth followed, including at least five conference calls and four drafts of the motion sent by the government to the defense for their review. The government accepted some revisions proposed by the defense. In the end, however, the parties could not come to a complete agreement on the bond modifications. The defense also wanted the motion to say that the modifications were "unwarranted." Dkt. 65 at 4. The government could not agree to that, because the modifications are warranted. After multiple calls, emails, and drafts, the government decided that further discussion was fruitless and filed its motion.

As for the motion's substance, the defense does not object to modifications 1 (remain in the continental U.S. through sentencing) or 3 (custody of passports).

With respect to proposed modification 2 (notification of travel plans), the defense objects only to requiring notice to the government so that it may object to any proposed travel. The defense says this requirement is unnecessary because Zhao's travel "has not been an issue to date." Dkt. 65 at 8. But something that "has not been an issue to date" can become an issue in the future. The defense also argues that the government could not have a "reasonable basis" to object to Zhao's travel. *Id.* In truth, it is easy to imagine scenarios in which concerns could arise about post-plea travel by a multibillionaire defendant whose permanent residence is in a nonextraditable country (UAE) and who has Canadian citizenship. For example, if Zhao wanted to travel to the Canadian border shortly before sentencing, the government could legitimately worry that he might be planning to flee. Notably, the proposed modification does not require the government's *permission* for Zhao to travel—it requires only *notice* and an *opportunity* to raise the matter with the Court. This

U.S. Reply in Support of Mot. to Modify Bond - 2
*United States v. Zhao* / CR23-179 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1 | is a modest and reasonable requirement.

2 | The defense objects to proposed modification 4, which would require Zhao to

3 | maintain his residence as directed and obtain the approval of Pretrial Services before

4 | changing his residence. This is a standard, commonsense requirement—defendants on

5 | release should not move without the knowledge and approval of the supervising Pretrial

6 | Services Officer. Defendants in this District are routinely subject to this restriction, and

7 | nothing entitles Zhao to be excused from it.[1]

8 | **III.    CONCLUSION**

9 | The Court should modify the bond as proposed in the government's motion.

10 | March 1, 2024                                  Respectfully submitted,

11 |

12 | MARGARET MOESER                          TESSA M. GORMAN
Acting Chief, Money Laundering and       United States Attorney
Asset Recovery Section                   Western District of Washington

13 | Criminal Division

14 | U.S. Department of Justice               *s/ Michael Dion*
                                         MICHAEL DION

15 | *s/ Kevin G. Mosley*                     JONAS LERMAN

16 | KEVIN G. MOSLEY                          Assistant United States Attorneys
ELIZABETH R. CARR

17 | Trial Attorneys                          *I certify that this pleading contains 671*
                                         *words, in compliance with the Local*

18 | JENNIFER KENNEDY GELLIE                  *Criminal Rules*

19 | Executive Deputy Chief performing the
duties of Chief, Counterintelligence and

20 | Export Control Section
National Security Division

21 | U.S. Department of Justice

22 |

23 | *s/ Beau D. Barnes*
BEAU D. BARNES

24 | ALEX WHARTON
Trial Attorneys

25 |

26 |

---

[1] As the government informed the defense before filing the bond motion, Pretrial Services also supports two other bond conditions that the government is not requesting. *See* Dkt. 63 at 2 nn.1&2. The government included those footnotes in the motion to inform the Court of Pretrial Services' position.

27 |

U.S. Reply in Support of Mot. to Modify Bond - 3                    UNITED STATES ATTORNEY
*United States v. Zhao* / CR23-179 RAJ                              700 STEWART STREET, SUITE 5220
                                                                   SEATTLE, WASHINGTON 98101
                                                                   (206) 553-7970