UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

_____

|  | ) |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. CR23-179-RAJ |
| Plaintiff, | ) | Seattle, Washington |
| v. | ) | March 14, 2024 |
|  | ) | 11:30 a.m. |
| CHANGPENG ZHAO, | ) |  |
| Defendant. | ) | Telephone Conference |
|  | ) | via Telephone |

_____

VERBATIM REPORT OF PROCEEDINGS
BEFORE THE HONORABLE RICHARD A. JONES
UNITED STATES DISTRICT JUDGE

_____

**APPEARANCES:**

For the Plaintiff:      KEVIN GERARD MOSLEY
                        U.S. Department of Justice
                        Criminal Division
                        Money Laundering and Asset
                        Recovery Section
                        1400 New York Avenue Northwest
                        Washington, DC 20005


For the Defendant:      MARK N. BARTLETT
                        Davis Wright Tremaine
                        920 Fifth Avenue, Suite 3300
                        Seattle, WA 98104-1610

U.S. Probation and
Pretrial Services:      ERIN O'DONNELL


Reported by:            MARCI E.C. CHATELAIN, CCR, RPR, RMR,
                        CRR, Federal Court Reporter
                        700 Stewart Street, Suite 17205
                        Seattle, WA 98101
                        marci_chatelain@wawd.uscourts.gov

1                        PROCEEDINGS

2     _____

3              THE CLERK:  Good morning, Your Honor.

4              THE COURT:  Good morning, Ms. Erickson.

11:30:42   5     Please call the case.

6              THE CLERK:  Yes, Your Honor.

7         We are here in the matter of the United States versus

8     Changpeng Zhao, cause number CR23-179, assigned to this Court.

9              If counsel first for the government can make your

11:30:55   10    appearance for the record.

11             MR. MOSLEY:  Good morning, Your Honor.  Kevin Mosley

12    for the United States.

13             THE COURT:  Good morning.

14             THE CLERK:  And counsel for the defendant, please.

11:31:06   15             MR. BARTLETT:  Good morning, Your Honor.  Mark

16    Bartlett for Mr. Zhao.

17             THE COURT:  Good morning.

18         And for pretrial services, please.

19             MS. O'DONNELL:  Good morning.  Erin O'Donnell for

11:31:17   20    Pretrial Services.

21             THE CLERK:  And, Your Honor, we have Mr. Zhao on the

22    line, as well as our court reporter Marci Chatelain.

23             THE COURT:  All right.  Good morning, all of you.

24         Thank you for responding to the Court's inquiry.  I just

11:31:32   25    want to make sure that we were clear.  I received communication

 1   from Ms. O'Donnell regarding the reporting requirements for Mr.

 2   Zhao if he elects to travel within the Continental United

 3   States.  And actually, the Court was under the impression that

 4   he was under some form of pretrial supervision.  That does not

11:31:52   5   appear to be the case.

 6        And I note that the last order the Court signed, which is

 7   the order modifying bond, that is Docket No. 71, it reflects

 8   that defendant must notify Pretrial Services before any travel

 9   within the United States, within the Continental United States.

11:32:11  10        Ms. O'Donnell, would you please express your concerns

11   regarding the current order and the reporting requirements?

12             MS. O'DONNELL:  Yes, Your Honor.

13        Erin O'Donnell, for the record.

14        And supervision was not ordered on the original appearance

11:32:26  15   bond and was not added at the original order from Your Honor, so

16   we have not been supervising him.

17        I was -- became aware of the recently signed order because

18   Mr. Zhao did comply with it.  And he e-mailed me because he had

19   no other contacts with Pretrial Services to contact.

11:32:52  20        And I'm attempting to find the e-mail that I detailed some

21   of the things for myself for notes.

22        We think that surrendering the passport as ordered in that

23   Document No. 71 is sufficient to ensure that he abides by the

24   conditions not to leave the United States, in particular because

11:33:18  25   I will be submitting a notice to the Department of State once

March 14, 2024                4

1    I've confirmed that those have been surrendered to defense

2    counsel.

3         And we don't think that supervision would provide enough

4    additional benefit or increased restriction on Mr. Zhao, so we

11:33:32  5    don't think that supervision is necessary, which I believe

6    leaves the Court with a question of who he would report travel

7    to.

8              THE COURT:  All right.  Thank you.

9         Let me hear from the parties.

11:33:46  10    One, just to clear the air, it's not the Court's intention

11    to add a condition of supervision that was not previously

12    referenced by Judge Tsuchida's original order.  That hasn't been

13    modified by the Court or revised by this Court.

14         And I believe Ms. O'Donnell's representation that no

11:34:05  15    additional benefit would be served by adding pretrial

16    supervision beyond what's currently in existence, which is a

17    reporting requirement.

18         So my main concern is, I want to make sure that the parties

19    are clear to whom Mr. Zhao is reporting his travel information

11:34:23  20    to.

21         Let me hear first from counsel for the government.

22              MR. MOSLEY:  Thank you, Your Honor.

23         With respect to the question as to who Mr. Zhao would

24    report to, I think in our initial -- in our initial motion, we

11:34:42  25    had asked for reporting to the United States and to Pretrial

1   Services only for the purposes of -- you know, for us to be able

2   to raise to the Court if there was any reason why we would

3   potentially object to Mr. Zhao's travel.

4        To be clear, we -- our position was not that we would, as a

5   rule, object to his travel.  In fact, we would assume that the

6   default position would be that he would be able to travel.

7        I think, as we noted in our motion, I think we just would

8   like to be able to raise an issue with the Court, if we thought

9   there was one, to sort of handle any sort of residual potential,

10  and I emphasize the word "potential," flight risk.

11       I think the example we raised in our motion was that if he

12  was, for example, in possession of his Canadian passport or

13  would travel close to the Canadian border or any other border of

14  the United States in a way that would raise concerns for us

15  regarding flight, I think we'd want to be able to raise that

16  issue with the Court.  We don't -- we don't necessarily

17  anticipate any of that happening, but we would want that

18  opportunity.

19       And to the extent that the Court has agreed with the idea

20  that he should report, if he is not going to report to Pretrial

21  Services, I think he should report to us.

22            THE COURT:  All right.  I believe in your original

23  request of the Court, you had asked me for advance notice.  And

24  you note the order that was issued, the Court did not include an

25  advance notification of travel, it's just to notify before any

 1    travel within the Continental United States.  That wasn't to the

 2    government --

 3              UNIDENTIFIED SPEAKER:  (Inaudible.)

 4              THE COURT:  -- Pretrial Services.

11:36:27  5        Let me hear from Mr. Bartlett.

 6              MR. BARTLETT:  Yes, Your Honor.

 7        As the Court just pointed out, I don't think we're here to

 8    revisit what the Court just ordered last week.  And I would ask

 9    that we simply adopt what has been occurring, in default.

11:36:45  10        I mean, just to go over, it's been almost four months that

11    Mr. Zhao has been in the United States.  And clearly, there's

12    been no issues whatsoever with regard to this.  We're about six

13    weeks out from sentencing right now, so we're kind of at the end

14    of this process.

11:37:01  15        I should note, and I think the Court obviously has noted

16    this, you issued your latest order on March 11th.  And the very

17    next day, Mr. Zhao notified Erin O'Donnell about his travel.  So

18    it's clear that he's totally dedicated to complying.

19        I would suggest that we keep with what already is in

11:37:22  20    existence, which is that when Mr. Zhao travels, he'll notify

21    Ms. O'Donnell and provide her an update on what he's doing.

22        You know, his primary base here in the United States is at

23    his sister's residence in Los Angeles, which she already has

24    that information.  It's been a long stay, I think a little

11:37:45  25    longer than perhaps we might have anticipated, so he does travel

1   at times, but we will, obviously, provide notice of that to

2   Ms. O'Donnell if she has any concerns.

3             THE COURT:  Let me ask Mr. Bartlett, do you have any

4   objection to Mr. Mosley's request to also notify the United

11:38:05   5   States of travel?

6             MR. BARTLETT:  If the Court believes that a dual

7   notice of both -- to Ms. O'Donnell and to the United States

8   would be helpful from the Court's perspective, I do not believe

9   we would have any objection to that, Your Honor.  I don't think

11:38:29   10   it's necessary.

11       I don't quite understand the -- to just note the obvious,

12   Mr. Mosley mentioned that, you know, they would be concerned if

13   Mr. Zhao was traveling, for example, near the Canadian border.

14   Well, obviously, if he was in Seattle, he would be near the

11:38:51   15   Canadian border, so I think, to a certain point, they're

16   creating false concerns that just have no basis in reality.

17             THE COURT:  Okay.  Anything further from Mr. Mosley?

18             MR. MOSLEY:  Yes, Your Honor.

19       You know, I think we don't have a problem with the

11:39:14   20   defense's proposal to notify Ms. O'Donnell.

21       I was under the impression, and possibly the mistaken

22   impression, that Ms. O'Donnell did not want to be notified and

23   that there was no other entity to notify, which is why I

24   suggested that if there was no other entity, that we would do

11:39:30   25   it.

March 14, 2024          8

1          But, you know, obviously, if the defense has no objection

2     to notifying us, too, we would, you know, appreciate being

3     notified.

4               THE COURT:  All right.

11:39:41   5          MR. BARTLETT:  Well, and to clarify I think what I

6     spoke -- what I said, Your Honor, is that if the Court believed

7     this would be appropriate, we would obviously agree with the

8     Court's decision.

9          Our belief is that what the Court ordered on March 11th is

11:39:56  10    what should be imposed, which is that we notify Ms. O'Donnell.

11               THE COURT:  All right.  Well, based upon the record so

12    far, I haven't seen anything that would draw any particular

13    concern for this Court regarding Mr. Zhao not complying with the

14    Court's expectations and reporting.  I think we just had a gap

11:40:16  15    in where the reporting should take place.

16          The order that the Court previously indicated clearly

17    indicates that defendant is to notify Pretrial Services before

18    any travel.  I'm comfortable with Mr. Zhao providing that notice

19    to Ms. O'Donnell, and that seems to be sufficient.

11:40:36  20          I don't see that there's any degree of difficulty,

21    significant prejudice by also notifying the government.

22          And, Mr. Mosley, are you prepared to accept the

23    notification that's sufficient on the government's perspective?

24               MR. MOSLEY:  Yes, Your Honor.

11:40:52  25               THE COURT:  All right.  And then, Ms. O'Donnell,

1    you're comfortable serving as the recipient if Mr. Zhao elects

2    to travel within the United States?

3              MS. O'DONNELL:  Yes, Your Honor, if that is what you

4    would wish, but I'm, quite frankly, not sure I see the point of

11:41:10   5    the dual notification, like defense counsel.

6              THE COURT:  You can notice the government, is that

7    what --

8              MS. O'DONNELL:  (Inaudible.)  I'm sorry, Your Honor,

9    go ahead.

11:41:17   10              THE COURT:  You broke up.  I couldn't hear your last

11    response.

12              MS. O'DONNELL:  So --

13              THE COURT:  That you'd be --

14              MS. O'DONNELL:  I was trying to say that otherwise, I

11:41:28   15    don't have involvement in the case, other than Mr. Zhao

16    e-mailing me his travel plans.  So I'm not sure I see a point of

17    having dual notification, like defense counsel indicated or that

18    I be involved as a middle person, if the government is willing

19    to receive that notification directly.

11:41:44   20              THE COURT:  Does that appear to satisfy the concern,

21    since there's no supervision that's taking place by Pretrial, to

22    just have the defendant notify the government?  Does that meet

23    your concerns, Mr. Bartlett?

24              MR. BARTLETT:  Well, the only thing I would point out,

11:42:00   25    Your Honor, is that this notification is for the Court, and

1   Ms. O'Donnell is an arm of the Court.  That's who we're

2   notifying; we're notifying the Court of his travel.  This isn't

3   -- and I don't want to be too technical about it, but we're not

4   looking for the approval of DOJ on our travel, we're look --

11:42:21  5   we're wanting the Court to be involved in that.  And that is the

6   position that Ms. O'Donnell serves in this, that we are able to

7   notify her.  And clearly, I mean, if something came up where

8   they were concerned, she could make the Court aware of her

9   concerns and make us aware of her concern, so -- and it's been

11:42:39  10   working.  I'm -- I would -- that's the obvious, which I think

11   this process has been working.

12       And to the extent the government is trying to intercede

13   into this and step into a position that is, in fact, part of the

14   Court, not their duties, I think it's inappropriate.

11:42:59  15          THE COURT:  All right.  Just to close this out, I

16   don't think it's going to become an issue.

17       Mr. Zhao, from all that I've seen, read, and reviewed, has

18   been in full compliance with the directives, in compliance with

19   the Plea Agreement.  He's been in compliance with the

11:43:15  20   expectations of this Court up to this point.  I have no reason

21   to believe that that would be any different going forward.

22       I don't see it's a major -- anything of significance in

23   terms of reporting to both pretrial and to the government, so

24   that will be the order of the Court:  The notice will be to

11:43:35  25   Ms. O'Donnell and the notice will be to counsel for the

 1  government.

 2       And again, I do not want Mr. Zhao or the defense to think

 3  that the Court is looking at this of any concern that he would

 4  travel outside the boundaries of the Continental United States;

 5  is that clear?

11:43:50

 6            MR. BARTLETT:  It is, Your Honor.  And thank you.

 7            THE COURT:  Counsel for the government?

 8            MR. MOSLEY:  No objection, Your Honor.

 9            THE COURT:  All right.  Is there --

10            MR. MOSLEY:  Thank you, Your Honor.

11:43:59

11            THE COURT:  Anything more than just a minute entry

12  that needs to be entered, or do we need a formal order for this?

13            MR. BARTLETT:  I think a minute entry will suffice.

14            THE COURT:  Counsel for the government?

15            MS. O'DONNELL:  That's fine.

11:44:10

16            MR. MOSLEY:  No objection, Your Honor.

17            THE COURT:  All right.  Ms. Ericksen, I'll direct that

18  you provide a minute entry verifying the Court's order.

19       Anything else to take up, counsel for the government?

20            MR. MOSLEY:  Nothing from us, Your Honor.  Thank you.

11:44:22

21            THE COURT:  The defense?

22            MR. BARTLETT:  Nothing, Your Honor.

23       And thank you for your time.  I feel bad that we imposed

24  upon you again today.

25            THE COURT:  That's perfectly fine, Counsel.  It was

11:44:34

1   actually at the Court's directive for this to take place just so

2   everything's clear.

3       With that, we'll be in recess.  Have a good day.

4           UNIDENTIFIED SPEAKER:  Thank you.

5               (Court recessed 11:44 a.m.)

6               C E R T I F I C A T E

7       I certify that the foregoing is a correct transcript from

8       the record of proceedings in the above-entitled matter.

9           /s/ Marci E.C. Chatelain

10          Marci E.C. Chatelain, CCR, RPR, RMR, CRR
            Federal Court Reporter

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25